## JOHN R. McCARROLL et al. v. SARAH M. ALEXANDER.

1. EQUITY—RESULTING TRUST.—If one buy land in the name of another and pay the consideration money, the land will be held by the grantee in trust for the benefit of him who advanced the money. So, also, if there has been only a partial advance of the money, the trust will result *pro tanto;* the foundation of the trust in such cases being that the property really belongs to him whose funds have paid for it. But the facts creating the trust must exist at the time of the conveyance. For it is the money which has gone to the vendor, as an inducement to the conveyance, that creates the equity.

2. SAME—APPLICATION OF ANOTHER'S MONEY TO TAKE UP OUTSTANDING NOTES FOR PURCHASE MONEY.—After the legal title has been conveyed, the application of another's money to pay notes for purchase money creates no such trust in favor of the other. The trust must attach, if at all, at the time of the conveyance.

3. HUSBAND AND WIFE.—That the relation of debtor and creditor may exist between husband and wife, illustrated.

APPEAL from the chancery court of Marshall county. STEARNS, Chancellor.

The facts sufficiently appear in the opinion of the court.

*Walter & Scruggs,* for appellants.

The appellee proved that the land was purchased by her husband, to be paid for in four annual installments, and that $1,000 of her money went towards paying the last or the next to the last installment. "Under no circumstances do the facts in this case show any resulting trust." Implied trusts are divided into two classes, viz: 1st. Those which stand upon the presumed intention of the parties; 2d. Those which are independent of any such intention, and are forced upon the conscience of the party by operation of law, as for example, in case of meditated fraud, imposition, notice of adverse possession, or other causes of a similar nature. 2 Story Eq., § 1195. "The doctrine of resulting trust from the payment of the purchase money is admitted to be a very questionable one, and is acted upon with great caution; and the circumstances from which such trust is to be

raised must be clearly proved, especially if time has elapsed." Carley v. Callan, Ex'r, 6 B. Mon. 44–5; Baker v. Vining, 30 Me. 121, 126; Jackson v. Monroe, 6 Cow. 706, 726; Jackson v. Bateman, 2 Wend. 575, 573. "A resulting trust will not be enforced unless it is established by the most convincing and irrefragible proof." 2 Cold. (Tenn.) 288. We submit that the facts in this case clearly show that the money of the appellee was used in the purchase of the land with her full knowledge and consent; that she acquiesced in and consented to the taking of the deed in her husband's name, and never raised any objection thereto till the commencement of proceedings to sell it under the husband's deed of trust.

The rule is universal and clearly established, that, " to carry out the doctrine of a resulting trust, the payment must be a part of the transaction and relate to the time when the purchase was made, and any subsequent application or advance of the funds of another than the purchaser towards paying the purchase money, will not raise a resulting trust. 2 Washb. on Real Prop. 443; Alexander v. James, 13 Ill. 221; Perry v. McHenry, 13 ib. 227; Buck v. Swasey, 35 Me. 41; Gee v. Gee, 2 Sneed, 395; Relf v. Johnson, 28 Mo. 249; Howell v. Howell, 15 N. J. Ch. 78; Bornett v. Dougherty, 32 Penn. St. 371; Kellum v. Smith, 33 ib. 164; Francester v. Deery, 41 N. H. 443; Davis v. Wetherrell, 11 Allen, 20, note; Perry on Trust, § 133; Rogers v. Murray, 3, 390; Connor v. Lewis, 16 Me. 275; Pennock v. Clough, 16 Vt. 500; Talliaferro v. Talliaferro, 6 Ala. 404; McGowan v. McGowan, 14 Gray, 119; Barnard v. Jewett, 98 Mass. 87; Foster v. Trustees, 3 Ala. 302; Forsartt v. Clark, 3 Wend. 637.

Payment or advance of the purchase money, before or at the the time of the purchase, is indispensable. A subsequent payment will not by relation attach a trust

to the original purchase. Dyer v. Dyer, 1 Lead. Cas. Eq. 202.

It is impossible to raise a resulting trust so as to divert the legal estate by the subsequent application of the funds of the third person to the improvement of the property, or to satisfy the unpaid purchase money. Rogers v. Murray, 3 Paige, 390, 398 ; Forsyth v. Clark, 3 Wend. 638, 651. The question has been also definitely settled by the supreme court of this state.

A resulting trust will not be created in favor of one whose funds were used in payment for land where the purchase was made on a credit. Bowman v. Reilly, 31 Miss. 261 ; Gee v. Foote, 40 ib. 190 ; Gibson v. Foote, 40 ib. 788.

But, even had the facts in this case shown that the money of the wife was used by her husband in the purchase of the land without her consent, and under such circumstances as created a resulting trust in her favor, there has been such a lapse of time before her rights were asserted, that a court of equity could not interpose in her behalf to the prejudice of an interest acquired in the land long after the purchase and without notice. This purchase was made by Alexander in 1846, and no claim set up till 1869, more than twenty years afterwards, and the claim only set up when a trustee was about to sell the land under the husband's deed of trust.

As long as the relation of trustee and *cestui que trust* is acknowledged to exist between the parties and the trust is continued, lapse of time can constitute no bar to an account or other proper relief for the *cestui que trust*. But where this relation is no longer admitted to exist, or time and long acquiescence have obscured the notice and the character of the trust, or the acts of the parties or other circumstances give rise to presumptions unfavorable to its continuance, a court of

equity will refuse relief. This doctrine applies even to cases of express trusts and, *a fortiori*, to cases of implied trust. Story Eq., § 1520 ; Prevost v. Gratz, 6 Wheat. 382 ; Wedderborne v. Wedderborne, 4 Myl. & Cr., 41. See, also, 4 How. (U. S.) 561 ; Bridgeman v. Gill, 24 Benoun, 302.

Courts of equity will sometimes refuse to grant relief, although the statute of limitations cannot be pleaded in bar, and although presumption cannot arise from lapse of time or may be conclusively rebutted. In such cases, courts proceed upon the ground that the public convenience will not allow old stale claims to be investigated. Perry on Trusts, 788, 789 ; 2 Vesey, Jr. 272 ; Parker v. White, 11 ib. 226 ; Moss v. Royal, 12 ib ; 5 ib. 687 ; McKnight v. Taylor, 1 How. (U. S.) 161 ; Pratt v. Vatter, 9 Pet. 466 ; Avent v. McCorkle, 45 Miss. 221.

*Featherston, Harris & Watson* and *Lawrence Johnson,* for appellee.

The decree of the chancery court sustained the claim of the bill, and declared that the conveyance made to R. B. Alexander was in trust for the benefit of his wife, Sarah M. Alexander, to the extent of her money used in the purchase of the land. This decree will not be disturbed, unless clearly erroneous. Fox et al. v. Matthews, 33 Miss. 433 ; Dillard, Adm'r v. Wright et al. 11 S. & M. 455.

The decree was substantially correct. There is no doctrine better established than that of resulting trusts. The very caution of the courts in upholding implied trusts, gives additional certainty to the principle by sharply limiting and circumscribing the instances in which it can arise.

The provision of Revised Code of 1857, p. 336, art. 24, is declaratory, it is submitted, of the law applicable to the case at bar. The restriction in favor of cred-

itors is exceptional and to be strictly construed. But-terfield v. Stanton, 44 Miss. 15.

This has always been the law of Mississippi. Gibson v. Foote, 40 Miss. 788; Hopkins v. Casey, 23 ib. 54; Mitchell v. Mitchell, 35 ib. 108; Butler v. Hicks, 9 S. & M. 78; Mahorner v. Harrison, 13 ib. 53; Wiley v. Gray, 35 Miss. 510.,

In Mississippi, the rule which watches the application of the doctrine of implied trusts, when invoked as between strangers, with so much jealousy, is reversed as between husband and wife, whenever the former shall have used in his own name funds belonging to the latter.

This construction is to be favored as a necessary means of protecting the wife, so completely at the mercy of her husband. Burks and wife v. Loggins and wife, 39 Miss. 464; Pennington v. Acker et al. 30 ib. 161; Allen v. Miles & Adams, 36 ib. 640; Palmer v. Cross, 1 S. & M. 48.

Every reasonable intendment will be indulged in favor of the wife. Allen v. Miles, 36 Miss. 640; Wiley v. Gray, 36 ib. 510.

The rights of the wife are to be protected even against innocent purchasers without notice, and creditors, except as provided in article 24, Rev. Code, 336, which was the law, at least when the claims of these complainants accrued. Palmer v. Crown, 1 S. & M. 48; Burks and wife v. Loggins, 38 Miss. 462.

The payment of only part of the purchase money will create a resulting trust to the extent of that payment; no doubt of this, even as between strangers. Bottsford v. Burr, 2 Johns. Ch. 405–410. This is the case, even when not contemplated in the original purchase, as in case of a partner using partnership funds to make part payment on a former purchase of his own. Forsyth v. Clark, 3 Wend. 638, 651.

How much more so when, as the evidence in this

case shows, it was a husband using the wife's funds without her knowledge and consent! Burks v. Loggins, 39 Miss. 464–2; Gully v. Hull, 31 ib. 20; Palmer v. Cross, 1 S. & M. 48.

The lapse of time cannot be permitted to affect the wife in this case, as it might do strangers not under disability. Fatherer v. Fletcher, 31 Miss. 265; Menet v. Doss, ib. 275; Curl v. Compton, 14 S. & M. 56; Harvey v. Edington, 25 Miss. 22; Fean v. Shirley, 31 ib. 301; Bacon v. Gray, 23 ib. 140; Adams v. Torrey, 26 ib. 499.

The case of Avent v. McCorkle, 45 Miss. 221, does not militate against this, as counsel for appellants suppose. There the lapse of time was important, but not alone. It controlled that case probably, but in connection with other circumstances which tended to show that the vendor had abandoned his lien. That was a case of liens contending for priority; here, it is between the claimant of a lien, against the *cestui que trust* of an undivided fourth interest in the fee. That was between strangers, none of whom labored under any disability; here, the party claiming the implied trust is a married woman, and she interposes her plea at the very earliest moment when it was necessary for her to do so, when an attempt is made to interrupt her possession. For, there again, the holding of the vendee, the debtor, was adverse to the holder of the secret vendor's lien, whilst in the case at bar the possession is with the alleged usee. She had actual, continuous possession of the premises from the date of the purchase, residing upon it; and if she had not been, the possession of the husband would have been possession of the wife.

Besides, the proof shows that at the date of Bailey's loan to R. B. Alexander, the latter had abundant other means and property, and the loan could not have been based upon the land in controversy alone. And, sub-

sequently, even when the creditor had received this lien from Alexander, the latter had other property upon which he could have obtained security, and it was not too late when Mrs. Alexander discovered the incumbrance of her property and protested against it.

The creditor in this case will not be permitted to shelter himself behind the fraud of the husband, even if he remained ignorant of it. Oliver v. Pratt, 3 How. (U. S.) 333–407.

The other point mainly relied upon by appellants is, the principle that to entitle a party to claim a trust from payment of the purchase money, the payment must have been made at the time of the purchase.

The application of this principle, as exhibited by the authorities quoted, do not meet the case at bar, and none of them are conclusive against the position of Mrs. Alexander.

For instance, a leading Mississippi case, Gee v. Gee, 31 Miss. 192, had no better foundation for the claim of a resulting trust, than the payment of the notes given for land at an executor's sale by the surety.

And in all the other cases it will be found that it was a third party coming in—a stranger—and seeking to obtain the benefit of an anterior complete purchase, by advancing the money or a part of it.

None of them are like this case, an unwarranted use by oné already a trustee of the trust funds to complete his title to an inchoate purchase. See, also, Flagg v. Mann, 2 Sumn. 486; 2 U. S. Eq. Dig. 611.

The last point made by the counsel for the appellants in their brief is, that the decree is defective, admitting the trust to exist in favor of Mrs. Alexander, in this, that it does not give her the land to which the lien attached, and in making her money a charge on the whole land for which it may be sold, and in allowing her interest on the $1,000 for a number of years, etc. These are mere formal defects, if defects at all. If the

decree is correct in establishing the trust in favor of Mrs. Alexander, this court will not reverse and remand, but render such a decree here as the court below should have rendered in the case.

Simrall, J.:

Mrs. Sarah M. Alexander sought, by her original and amended bill, to establish a resulting trust to the lands described in the pleadings, upon the ground that $1,000 of her money, advanced to her by her father, was used by her husband in the purchase.

It seems that Robert B. Alexander, the husband, purchased, and took a conveyance to himself, from one C. G. Nelms, the 12th February, 1847, for the consideration of $4,000, to be paid in four annual installments. It was found by the deposition of Mrs. Sarah Alexander that the $1,000, her money, was applied to the liquidation of the last, or next to the last, installment to Nelms.

Robert B. Alexander conveyed the entire section, in 1866, in trust to secure a large debt to one John Bailey. The trustee was about to sell, in accordance with the terms of the trust, when Mrs. Alexander brought her bill enjoining the sale, and setting up a resulting trust *pro tanto*, that is, to one-fourth of the land, to be assigned, or that the entire tract be sold, and that she be paid the money, with interest.

The chancellor sustained her claim, and decreed that the land be sold, and that she be first paid the principal and interest of her debt.

The appellants assail the decree, mainly upon the ground that the complainant failed to show a resulting trust in her favor.

It can not be controverted that if one " buys land in the name of another, and pays the consideration money, the land will be held by the grantee in trust for the benefit of him who advances the money. Wil-

son v. Beauchamp, 44 Miss. 568. Such is the general principle. It may be conceded, too, that if there has only been a partial advance of the money the trust will result *pro tanto*.

The trust is the implication of law—its effect and operation is to vest the estate beneficially in the person for whose use the trust arises. The foundation of the equity is, that the property really belongs to the person whose funds have been employed to pay for it. The grantee who paid nothing out of his own funds, and incurred no obligation for the price, fills but a nominal place in the transaction, and is really the medium, only, through whom the estate comes beneficially to him whose money or means have paid for it.

If, therefore, the trust springs up at all, it must attach at the time the title is conveyed to the nominal grantee. For it is the money which has gone to the vendor, as the inducement for the title with which he parts, that creates the equity in favor of him who advances it. White v. Carpenter, 2 Paige Ch. 238; Bottsford v. Burr, 2 Johns. Ch. 415.

After the legal title has been conveyed to the grantee, the application of another's money to take up outstanding obligations for the purchase money, does not confer upon such person a trust in the land, which will so interest him in the estate as that it can be established as to enable him to draw to it the legal title, or any part of it. If a trust results and attaches at all, it must be at the time when the conveyance is made. Alexander v. Tams, 13 Ill. 325. When the funds of a third person have been advanced and applied to the payment of the purchase money subsequent to the conveyance, if thereby any charge or lien for re-imbursement exists, it can not be successfully asserted against a *bona fide* purchaser, whether under judgment or otherwise. 3 Paige, 398.

In Gee v. Gee, 32 Miss. 192, a father purchased the

land at probate sale; the deed was made to his son Andrew, who gave his note with the complainant as surety. The object which the father had in view was that Andrew should have half the land and another son the other half. The father paid the note. The court held that a trust only results where the money is paid at the time of the purchase. The father here signed the note as surety, and it is presumed that he paid in that capacity. He might be a creditor of his son's estate, but could not claim the land. See, also, 4 Kent Com. 317. See, also, Mahoner v. Harrison, 13 S. & M. 53; Bowman v. O'Reily, 31 Miss. 265.

In Gibson v. Foote, 40 Miss. 791, the strong probability was, that the money derived by the husband from the wife was used in paying for the land; yet, as it appeared that the husband held the money on loan at interest, he stood in relation to the wife as creditor, and, therefore, the trust did not result to her. There may exist the relation of creditor and debtor between husband and wife, as where the wife devotes her separate funds or property to the use of the husband, or charges her estate by mortgage, or otherwise, for his benefit. Such transactions form a good consideration, for re-payment, and may be enforced by appropriate suit, or will support a conveyance of property to the wife in its liquidation. Simmons v. Thomas, 43 Miss.; Wiley v. Gray, 36 Miss. 514, 515.

We have been referred to several cases heretofore decided in this court, which hold that the husband should not, on account of his confidential relations and influence, be permitted to absorb to himself and acquire the ownership of the wife's separate property, and that all negotiations and dealings having in view that object will be closely scrutinized; and in proper cases the husband shall take no benefit, but shall be considered as trustee for the wife. Such are the cases of Pennington v. Acker & Barnes, 30 Miss. 161, and Burke v. Loz-

zins, 39 ib. 464, where the principle is stated with emphasis.

This case discloses no effort on the part of the husband to transfer to himself the wife's estate, with any intent to make himself owner. The purchase of the land from Nelms was in 1847. It is inferable from the testimony, that at that time the husband was in comparatively easy circumstances. It is in proof, that in 1860 and 1861, he had an estate which he valued at $150,000. The embarrassment and insolvency was brought about by the late war. During the entire time of the prosperity of the family, running through a period of nearly thirty years after the receipt by him of this $1,000, no effort was made by the wife even to secure its re-payment out of the wreck of the husband's fortune, nor was any claim made upon it until the creditors under the trust deed were foreclosing their security by a sale. We do not mean to say that the lapse of long time bars the wife of her equity; we refer to the circumstance merely as tending to illustrate what in our judgment was the actual transaction: that Mrs. Alexander, having large expectations from her father, acquiesced in the use of her money to aid in paying for land already purchased and conveyed to her husband.

To apply the principles which are distinctly stated in the authorities referred to, to the facts in proof, and it at once appears that Mrs. Alexander has come short of establishing the trust. The equity courts are uniform that the money or funds of the claimant of the equity must have gone into the lands before or at the time the purchase and conveyance was made. If the complainant, after the conveyance, advances money to take up obligations for the purchase money, no trust arises.

Mrs. Alexander, in her deposition, states, that the $1,000 received by her husband from her father was

used in taking up the last or the next to the last install-
ment of the purchase money. The debt stood upon
four equal annual installments. It was not advanced at
or before the time of the purchase. She occupied, by
such application of her money, no other relation to her
husband than that of a creditor with a right to re-im-
bursement.

She has no such trust or charge upon the land as she
can enforce against the incumbrance put upon it twenty
years afterwards by the husband.

We are of opinion, therefore, that the decree of the
chancellor is erroneous. It is reversed and the cause
remanded, for a decree to be there rendered dissolving
the injunction and dismissing the bill.