Bush *v*. Bush *et al.*

[99 So. 151.  No. 23950.]

(Division A. March 3, 1924.)

1. TRUSTS. *How trust arises in favor of one furnishing money for purchase of land stated.*

In order that a resulting trust may arise in favor of one furnishing the money in whole or in part to purchase land, it is indispensable that the payment of the purchase money should be actually made by the beneficiary, or that an absolute obligation to pay should be incurred by him as a part of the original transaction of purchase at or before the time of the conveyance to another. No subsequent and entirely independent conduct, intervention, or payment on the part of the beneficiary would raise a resulting trust.

2. TRUSTS. *Evidence to establish resulting trust for payment of purchase money of land must be strong and unmistakable.*

Evidence to establish a resulting trust, including the fact of the payment in whole or in part of the purchase money by the beneficiary at or before the conveyance of the land, must be strong and unmistakable.

Appeal from chancery court of Leflore county.

Hon. C. L. Lomax, Chancellor.

Suit by Mrs. Maggie Bush and others against J. A. Bush. From a decree for plaintiffs, defendant appeals. Affirmed and remanded.

*E. L. Mounger,* for appellant.

The main point is whether or not the appellant, not having paid his part of the consideration at the time the deed was made to his father, is entitled to a resulting trust. The point is made that on this account the resulting trust cannot be enforced. Appellee cites the case of *Moore* v. *Moore,* 74 Miss. 59, and the cases there cited by the court in support of his position.

The elder Bush and the appellant entered into a previous agreement by which they undertook to make a joint purchase of the land, and jointly to make the payments for the purchase money as the respective installments fell due. This undertaking was entered into before the deed was made to the elder Bush. The younger Bush carried out his part of the transaction, and paid for his share of the place in accordance with said agreement. On an examination of the Moore case, and the cases there cited, and the cases cited by the appellee, we do not find that this precise point has ever been passed on by our supreme court. The case of *Moore* v. *Moore,* was a case where the consideration was paid before the execution of the deed, and the question of a person having the right to enforce a resulting trust when he paid the purchase money in pursuance of an antecedent obligation, a contract previously entered into, was not before the court, and was not passed on. The same is true of all the other cases cited in this opinion, and in the brief of appellee.

We concede that if the appellant were not a party to the original transaction, and stepped in as a third party

or volunteer, and advanced his funds, he would not be entitled to a resulting trust. This is what is decided by the Moore case, and the cases there cited.

In *Blodgett* v. *Hildreth,* 1 Miss. 484, the court said: "It need not be money paid or advanced at the time of the conveyance. The mode, time and form in which the consideration was rendered are immaterial, provided they were in pursuance of the contract of purchase. It is sufficient if that which in fact formed the consideration of the deed moved from the party for whom the trust is claimed to exist, or was furnished in her behalf or upon her credit."

The consideration paid by the appellant here was in pursuance of the contract of purchase, and moved from the party for whom the trust was claimed to exist. He agreed with his father to pay one-half of the purchase money, and became bound by this agreement, and obligated to pay the notes. See *Brooks* v. *Shelton,* 54 Miss. 353; *Shrader* v. *Shrader,* 119 Miss. 526. 3 Pomeroy's Equity Jurisprudence, section 1031, lays down the doctrine for which we are contending. See, also, section 1037 of the same authority.

We refer the court to 39 Cyc. 130; *Gilchrist* v. *Brown,* 165 Pa. St. 275, 30 Atl. 839; a case strikingly like the case at bar. We refer the court to the notes of 39 Cyc. 130-131, for other illustrations of the doctrine; *Watkins* v. *Carter* (Ala.), 51 So. 318; *Neal* v. *Keese,* 51 A. D. 752, 755; *French* v. *Sheplor,* 43 Am. Rep. 69; *Norton* v. *Brink,* 121 A. S. R. 827; *Moore* v. *Musto,* 81 Am. St. Rep. 814-815.

*Osborn & Witty,* for appellees.

Counsel for appellant relies solely upon the contention that a resulting trust arose. To our minds, the point under consideration has long been settled in this state. With due deference to able opposing counsel, and without desiring to appear too emphatic in our statements,

we do respectfully submit that by a long line of decisions of this court, the chancellor was clearly correct in sustaining the demurrer.

Two broad general classes of trusts seem to be recognized—express and implied, and the courts have rather uniformly divided implied trusts into two classes, to-wit, constructive and resulting. Under the clear provisions of section 3124 of Hemingway's Code, section 4780 of the Code of 1906, and the holdings of this court construing same, the trust claimed in favor of appellant could not be upheld upon the mere verbal agreement between the father and son. *Campbell* v. *Bright,* 40 So. 3; *Board of Trustees of M. E. Church, South,* v. *Odom,* 56 So. 314. In fact, appellant admits that no express trust can be claimed, and relied solely upon a resulting trust.

Wherever a constructive trust has been established, the element of fraud is always to be found. *Calhoun* v. *Burnett,* 40 Miss. 599; *Wood* v. *Stafford,* 50 Miss. 370; *Chapman* v. *Sims,* 53 Miss. 154; *Buckingham* v. *Wesson,* 54 Miss. 526; *Cameron* v. *Lewis,* 56 Miss. 76; *Davis* v. *Bell,* 57 Miss. 32; *Wooldridge* v. *Campbell,* 61 Miss. 634; *Cooper* v. *Cooper,* 61 Miss. 676; *Gaston* v. *King,* 63 Miss. 326; *Grouch* v. *Hazlehurst Lumber Company,* 16 So. 496; *Owen* v. *Monroe County Alliance,* 27 So. 383; *Patton* v. *Pinkston,* 38 So. 500.

In the case at bar there is no semblance of an allegation that any fraud has been practiced. This court, in a number of decisions, dating from the earliest time of its existence down to the present, has laid down the rule that he who claims a resulting trust must show that it was his money which was used in purchasing the land, and that he paid the money, or furnished the credit at or before the time the conveyance was made. Under our decisions, it will not do for appellant to allege that his father bought the land, took the deed solely in his own name, paid the whole of the initial payment with his own funds, and merely verbally agreed with appellant that

appellant could later help pay for the land and become entitled to an undivided one-half interest therein. It is absolutely essential to the resulting trust claimed that at or before the time when the conveyance was made to the father, J. W. Bush, that the appellant, J. A. Bush, should have paid his half of the purchase price, or furnished his credit to the extent of one-half the purchase price, and there is no allegation whatever in the cross-bill to this effect. *Gibson* v. *Foote,* 40 Miss. 788; *Harvey* v. *Ledbetter,* 48 Miss. 95; *McCarroll* v. *Alexander,* 48 Miss. 128; *Miazza* v. *Yerger,* 53 Miss. 135; *Flynt* v. *Hubbard,* 57 Miss. 471; *Robinson* v. *Leflore,* 59 Miss. 148; *Thomas* v. *Thomas,* 62 Miss. 531; *Bratton* v. *Rogers,* 62 Miss. 281; *Chiles* v. *Gallagher,* 67 Miss. 413, 7 So. 208; *Barton* v. *Magruder,* 69 Miss. 462, 13 So. 839; *Logan* v. *Johnson,* 72 Miss. 185, 16 So. 231; *Moore* v. *Moore,* 74 Miss. 59, 19 So. 953; *Hebron* v. *Helly,* 75 Miss. 74, 21 So. 799; *Broom* v. *Alexander,* 118 Miss. 849, 79 So. 842; *Shrader* v. *Shrader,* 119 Miss. 526, 81 So. 227; *Robinson* v. *Stauther,* 106 Miss. 763, So. 724, 39 Cyc. 107.

We wish especially to call the court's attention to the fact that the statute mentioned, which prohibits a valid verbal trust in land, made its appearance for the first time in the Code of 1857. Therefore, *Evans* v. *Green,* 23 Miss. 295, and *Soggins* v. *Heard,* 31 Miss. 426, and the other decisions of this court covering cases arising prior to the Code of 1857 are not in point.

Argued orally by *E. L. Mounger,* for appellant, and *F. M. Witty,* for appellees.

Anderson, J., delivered the opinion of the court.

This was a bill by appellees, Mrs. Maggie Bush, Mrs. Ben Smith, Mrs. Eula Smith, and Sallie Bell Bush, the widow and daughters of J. W. Bush, deceased, against appellant, J. A. Bush, the remaining child of the said J. W. Bush, deceased, and his widow, the said appellee,

Mrs. Maggie Bush, for the sale and a division of the proceeds between appellees and appellant of four hundred nine acres of land alleged to have been inherited by them from the said J. W. Bush, deceased, the husband and father of the parties to said cause. The bill alleged that appellant and appellees were tenants in common of said four hundred nine acres of land, each owning a one-fifth undivided interest therein.

Appellant answered the bill, denying many of the material allegations thereof, and made his answer a cross-bill, by which he sought to establish a resulting trust in his favor in a one-half undivided interest in said land. The language of appellant's cross-bill presenting this question follows:

"That said land was purchased by the said J. W. Bush and the said J. A. Bush on the 10th day of July, 1913, in pursuance of a mutual agreement previously entered into between them. Said land was purchased by the said J. W. Bush and J. A. Bush from W. T. Elam and Miss Ella V. Allen by deed recorded in Deed Book 44, at page 550, of the Records of Deeds of Leflore County, Mississippi, dated July 10, 1913, the consideration therein being the sum of twenty thousand dollars, hereto referred to, and a copy of said deed being attached hereto made a part as Exhibit A hereto. That said land was purchased by both the said J. W. Bush and the defendant, according to the previous agreement entered into between them that it should belong to both, share and share alike. That the deed was taken in pursuance to said agreement in the name of the said J. W. Bush, as he was making the cash payment, being about one thousand two hundred dollars, the balance being on time. That both parties were to pay for said land jointly, and on the completion of the payment said defendant was to have a deed to one-half of the said property, and that the said J. W. Bush already had a place of his own, and only wanted this place for the benefit of the defendant.

"That the said defendant, on the execution of said deed, moved on said place, where he has ever since resided, and that they both proceeded to cultivate said place together, and work the place out of debt, paying off the purchase money, and that most of the work and improvement and management of said place was done by the defendant, the said J. W. Bush not residing on said land. That the said J. W. Bush and the defendant put considerable improvements on said place, and cleared up a large quantity of land; the said defendant, among other improvements, taking in some sloughs and draining them with tile, having bought tiling to the amount of two hundred eighty-seven dollars and paid for putting in tiling one hundred sixty dollars. That this defendant, after the death of the said J. W. Bush, recognized that the complainants were entitled to their distributive share of the interest of the said J. W. Bush in said land, and tendered them the rent as it accrued, according to their interest, and also tendered them their interest in the amount realized from the sale of said timber, all of which was refused.

"Defendant is advised that by virtue of the premises he is entitled to one-half interest in said land, and to a decree of this court adjudging him to be the owner of one-half interest in said land, and that he is entitled to a partition of said land, setting off to him his one-half interest. The premises considered, defendant prays that this his answer may be taken as a cross- bill against said complainants, and that they may be required to answer hereto; that on final hearing he may be granted a decree for a partition of said land, allotting to him a one-half interest therein, the answer under oath being hereby waived; and if cross-complainant is mistaken in the relief herein prayed, may it please the court to grant unto the cross-complainant such further, other, and different relief in the premises as to the court may seem fit and as equity may require."

Appellees demurred to appellant's cross-bill, which demurrer was by the court sustained, and leave given appellant to amend, which leave he declined, and thereupon a decree was entered dismissing said cross-bill, and appellant was granted an appeal to settle the principles of the cause.

It is conceded by appellant that the agreement between his father and himself, as set up in his cross-bill, cannot, under section 4780, Code of 1906 (section 3124, Hemingway's Code), be enforced as an express trust; that said agreement comes within the provisions of said statute requiring declarations or creations of trust in land to be manifested by writing signed by the party who declares or creates such trust or by his last will in writing, or else they shall be void. Appellant's contention is that there arose out of said agreement between his father and himself, as set out in his cross-bill, a resulting trust by virtue of which he became entitled to one-half undivided interest in the said land in addition to his interest as an heir to his father in the other undivided interest therein.

It will be noted from appellant's cross-bill that at the time the conveyance of the land involved was taken in the name of his father the entire cash purchase money payment of one thousand two hundred dollars was made by his father, and that the balance of the purchase money was paid afterwards by appellant and his father out of the proceeds derived from the cultivation of said lands. It is true that the cross-bill charges that appellant and his said father each were to pay one-half of the purchase money of the said land, but there is no averment that before the making of the deed to appellant's father appellant became legally bound to his father or any one else to pay any part of the purchase money of said land. There is nothing more in the cross-bill than a mere charge that the understanding between appellant and his father was that each of them would pay one-half of the

purchase price of said land and when so paid each should own a one-half interest therein.

Cases involving questions of resulting trusts have often been before this court. The following principles are recognized and declared by this court: If one buys land in the name of another and pays the consideration therefor, the land will be held by the grantee in trust for the benefit of him who advances the purchase money; and if there has been only a partial advance of the purchase money a trust will result *pro tanto.* The foundation of the trust in such cases is that the property really belongs to him whose funds have paid for it. But the facts creating the trust must exist at the time of the conveyance; for it is the money which has gone to the vendor as an inducement to the conveyance that creates the equity called a resulting trust. After the title has been conveyed the application of the funds of another to pay the purchase money for the land creates no trust in favor of such other. The trust arises, if at all, at the time of the conveyance. *McCarroll* v. *Alexander,* 48 Miss. 128; *Miazza* v. *Yerger,* 53 Miss. 135; *Brooks* v. *Shelton,* 54 Miss. 353; *Thomas* v. *Thomas,* 62 Miss. 531; *Chiles* v. *Gallagher,* 67 Miss. 413, 7 So. 208; *Barton* v. *Magruder,* 69 Miss. 462, 13 So. 839; *Logan* v. *Johnson,* 72 Miss. 185, 16 So. 231; *Moore* v. *Moore,* 74 Miss. 59. 19 So. 953; *Shrader* v. *Shrader,* 119 Miss. 526, 81 So. 337. Pomeroy lays down the controlling principle thus:

"In order that this effect may be produced, however, it is absolutely indispensable that the payment should be actually made by the beneficiary or that an absolute obligation to pay should be incurred by him as a part of the original transaction of purchase at or before the time of the conveyance. No subsequent and entirely independent conduct, intervention or payment on his part would raise any resulting trust." 3 Pomeroy's Equity Jurisprudence (3d Ed.), section 1037.

And the principle is stated thus in 39 Cyc. 130: "And a subsequent payment will not give rise to a resulting

trust, unless it is made in pursuance of and as a part of the original transaction or purchase, *as where he secures the same at the time to be thereafter paid.*" (Italics ours.)

The case made by appellant's cross-bill falls short of the requirements laid down by this court and the other authorities referred to. The purchase price of the land was twenty thousand dollars. The cash payment of of one thousand two hundred dollars was made by appellant's father; the balance of the purchase money was paid by the joint activities of appellant and his father from the proceeds of the crops raised on the land involved. The cross-bill simply charges that appellant and his father agreed that they would pay the land out together, and appellant should receive a conveyance to a one-half interest therein. There is no averment whatever that appellant entered into any binding obligation with his father by which he undertook to reimburse his father for his half of the initial cash payment or that he would pay one-half of the balance of the purchase money remaining unpaid.

In *Logan* v. *Johnson, supra,* the court, in discussing what was necessary in order to prove by parol the existence of a trust, approved the following language from 2 Pomeroy's Equity Jurisprudence, section 1040;

"The evidence must be clear, strong, unequivocal, unmistakable, and must establish the fact of the payment by the beneficiary beyond a reasonable doubt. Of course, the pleading must be as strong as the evidence."

We hold that appellant's cross-bill fails to show either that he paid any part of the purchase money before the conveyance of the land was made to his father, or that he became legally bound either to his father or the vendor of the land to pay any part of the balance of the purchase money. Therefore we hold that there was no resulting trust. According to appellant's cross-bill, we have sim-

ply, an express trust resting entirely in parol, which is therefore void under section 4780, Code 1906 (section 3124, Hemingway's Code).

*Affirmed and remanded.*