Dale J. LEININGER, Plaintiff-Appellee,

v.

Sue Ann LEININGER,
Defendant-Appellant.

No. 81–4313.

United States Court of Appeals,
Fifth Circuit.

April 8, 1983.

Rehearing Denied May 5, 1983.

James A. Phyfer, Robert B. Hamilton, Jackson, Miss., for defendant-appellant.

John T. Armstrong, Jr., Hazlehurst, Miss., John E. Hughes, III, Jackson, Miss., for plaintiff-appellee. .

Before BROWN and RANDALL, Circuit Judges, and DUPLANTIER*, District Judge.

* District Judge from the Eastern District of Loui-

PER CURIAM:

Appellant Sue Ann Steiner married appellee Dale Leininger in 1964 in Ohio, where they resided together until 1968, when they moved to Mississippi. They returned to Ohio in February of 1972 and lived there together until December of that year, when the parties separated. Leininger returned to Mississippi, where he has resided since. Steiner remained in Ohio with their two children.

In early 1973 appellant Steiner filed for a divorce from appellee Leininger in the Common Pleas Court of Fulton County, Ohio. On July 11, 1974, that court rendered a divorce judgment, which, inter alia, also granted Steiner a personal alimony judgment against Leininger in the amount of $105,000.00. In December, 1975, Steiner, without filing any suit in Mississippi to have the Ohio money judgment recognized there, caused the judgment to be enrolled in Simpson County, Mississippi, where Leininger lived, and caused execution to be issued thereon. Leininger then filed a Bill of Complaint against Steiner in the Chancery Court of Simpson County, Mississippi, to cancel the enrollment of the Ohio judgment and to enjoin its execution, and for damages for its wrongful enrollment, on the dual ground that the judgment had not been made the judgment of a Mississippi court and that it was a nullity because the Ohio state court lacked personal jurisdiction over him.

Steiner filed a cross bill to have a "resulting trust" declared with respect to certain real estate in Mississippi. Nineteen months after suit was brought in state court, Steiner removed the action to federal court, where it was referred to a magistrate for trial. The magistrate, after a bench trial, recommended a judgment in Leininger's favor. The district judge overruled Steiner's objections to the magistrate's report, adopted the "Report and Recommendation" of the magistrate, granted judgment in favor of Leininger on the main demand, and dismissed Steiner's cross bill.

siana, sitting by designation.

Appellant Steiner contends that the district court erred in declaring the Ohio judgment null and void and in dismissing her claim that a "resulting trust" was created in her favor, giving her partial ownership of the Mississippi real estate.

## PROPRIETY OF REMOVAL

The propriety of the removal of this suit to federal court nineteen months after filing of the state court suit was questioned for the first time by this court *sua sponte* at oral argument. We address that issue first.

A defendant may remove to federal court any civil action brought in state court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Here federal jurisdiction is grounded on diversity of citizenship. 28 U.S.C. § 1332.

■ There is diversity between the parties, and the required jurisdictional amount is present. In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. *Aladdin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029 (5th Cir. 1980). To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. *Texas Acorn v. Texas Area 5 Health Systems Agency, Inc.,* 559 F.2d 1019 (5th Cir.1977).

■ The object of the main demand by Leininger is to nullify the $105,000.00 Ohio state court judgment and enjoin its enforcement. The value of the right to be protected or the extent of the injury sought to be prevented was the amount of the judgment; that amount was well in excess of the required jurisdictional amount. Thus this case was one which could have been brought in the district court under diversity jurisdiction and therefore could be removed.

That, however, does not end the inquiry into the propriety of removal. 28 U.S.C. § 1446 provides in pertinent part:

The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . .

■ It is undisputed that the suit was not timely removed. But the time limitation for removal is not jurisdictional; it is merely modal and formal and may be waived. *Harris v. Edward Hyman Co.,* 664 F.2d 943 (5th Cir.1981), *London v. United States Fire Insurance Co.,* 531 F.2d 257 (5th Cir.1976), *Weeks v. The Fidelity and Casualty Company of New York,* 218 F.2d 503 (5th Cir.1955). At no time has either party moved to remand, and neither party accepted this court's invitation at oral argument to urge remand. Thus the parties have waived the time limitation for removal, and remand to the state court would be improper.

## THE OHIO ALIMONY JUDGMENT

Apparently based only upon the fact that Leininger was never served personally with process in Ohio and that he made no appearance in the Ohio proceeding, the district court concluded that the Ohio court lacked personal jurisdiction over Leininger and that the alimony judgment is null. The district court also held that the Ohio judgment could not be enrolled and executed in Mississippi until it was recognized by and made the judgment of a Mississippi court.

■ We agree with the district court's conclusion that until appellant files suit in Mississippi to have the Ohio judgment recognized there and obtains a judgment making the Ohio judgment the judgment of a Mississippi court, the Ohio judgment should be stricken from the Mississippi judgment roll and its execution in Mississippi should be enjoined. We disagree, however, that the district court should have nullified the Ohio judgment.

■ The Ohio state court made an express finding in its judgment that it had personal jurisdiction over Leininger under Ohio law, based upon service of the summons and complaint by certified mail. The Ohio judgment, which includes this jurisdic-

tional finding and the alimony award based upon it, is presumptively entitled to full faith and credit in Mississippi. "[S]uch jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself." *Adam v. Saenger,* 303 U.S. 59, 62, 58 S.Ct. 454, 456, 82 L.Ed. 649 (1938).

Neither here nor in the district court did the parties adequately address the issue of the validity of the Ohio alimony judgment. Indeed, only the Ohio judgment (not the rest of that record) is part of the record here. Thus it is not surprising that the district court did not consider the various factors involved in the question of whether the exercise of personal jurisdiction by the Ohio state court violated the Due Process Clause of the Fourteenth Amendment. *See Kulko v. Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). While the record is reasonably complete with respect thereto, we decline to adjudicate as to the validity of the Ohio judgment until the parties have an opportunity to develop all of the facts which may impact the due process issue and until the district court rules thereon. We remand for that purpose.

## THE "RESULTING TRUST"

In this diversity case, we apply Mississippi law. "If one buys land in the name of another and pays the consideration therefor, the land will be held by the grantee in trust for the benefit of him who advances the purchase money; and if there has been only a partial advance of the purchase money a trust will result pro tanto. The foundation of the trust in such cases is that the property really belongs to him whose funds have paid for it." *Bush v. Bush,* 134 Miss. 523, 99 So. 151 at 152 (1924).

The total purchase price for the farm land in dispute and for certain cattle and equipment conveyed at the same time was $100,000, of which $29,500 was paid in cash. The balance of $70,500 was by promissory note secured by a deed of trust on the land. Leininger was the sole grantee in the warranty deed and he alone executed the promissory note and the deed of trust.

Steiner contends that all of the cash portion of the purchase price belonged one-half to her and one-half to Leininger and that she paid one-half of the consideration for the purchase. Therefore, to paraphrase the Mississippi Supreme Court in *Bush,* she bought one-half of the land in the name of another (appellee Leininger), a trust resulted pro-tanto, and one-half of the land is held by the grantee (Leininger) in trust for her (Steiner).

Mindful that in resolving a difficult question of state law we must accord deference to the judgment of our Mississippi trial judge, *O'Toole v. New York Life Ins. Co.,* 671 F.2d 913 (5th Cir.1982), we nevertheless conclude that, on the facts as found by the district court, a trust resulted in appellant's favor. Accordingly, we reverse on this issue also and remand for further proceedings consistent herewith.

Unusual though it may be, neither party takes issue with the findings of fact by the district court. Thus we are not involved with the clearly erroneous standard as we would be were we reversing on the basis of a factual review. See Fed.R.Civ.Pro. 52(a); *United States v. United States Gypsum Company,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 764 (1948); *Wright v. Western Electric Company,* 664 F.2d 959 (5th Cir.1981).

We quote at length from the facts as found by the magistrate and adopted by the court.

"Plaintiff Leininger and defendant Steiner were married in Ohio in 1964. (Defendant subsequently married Carl Steiner in 1977.) In January 1968, they made a trip south looking for farm land to purchase. At that time they jointly owned several hundred acres of land which they farmed in Ohio. After viewing acreage in several states, they agreed to purchase approximately 700 acres of land near Georgetown, in Simpson County, Mississippi, owned by Mr. Wayne Spell. Mr. Spell offered to sell his land, cattle, feed, machinery and equipment for $100,000. By telephone from Ohio, Mr. Wilbur Short, Steiner's father, agreed to

help the couple obtain financing for the property. Leininger then executed an option to purchase the land, cattle and equipment, paying $2500 out of the joint bank account of Leininger and Steiner. The option provided for an additional $27,500 to be paid as down payment by March 1, 1968.

Leininger and Steiner returned to Ohio, and together with Mr. Short, executed a bank note in the amount of $23,800 to be used toward the down payment for the Mississippi farm. At the same time, Wilbur Short personally executed a note to the same bank in the amount of $6200, which money was given to Leininger to complete the down payment. [The term "given", as used by the magistrate, is not synonymous with "donated". Leininger was given control of the funds resulting from the loans to him and Steiner.]

On the same date the notes were executed to the Ohio bank, Leininger and Steiner executed a promissory note in favor of Mr. Short in the amount of $30,-000, together with a Deed of Trust securing said note covering the farm property jointly owned by Leininger and Steiner in Ohio. Within days Leininger moved to Mississippi, while Steiner remained with her family in Ohio awaiting the birth of their first child.

On February 29, 1968, Leininger delivered to Mr. and Mrs. Wayne Spell a check in the amount of $27,000 as down payment on the farm, in accordance with the option. This check was drawn on a joint account of Leininger and Steiner at the Bank of Hazlehurst, Mississippi, where the $30,000 loan proceeds had been deposited. To secure the balance of $70,500, Leininger individually executed a Deed of Trust covering the Mississippi farmland in favor of Mr. and Mrs. Wayne Spell, and the Warranty Deed from the Spells showed Leininger alone as Grantee.

In April 1968, Steiner moved with the new baby to Simpson County, Mississippi. Prior to her move to Mississippi, her father, Mr. Short, purchased a house and approximately 60 acres of land adjoining the Leininger property. Title to this property was later transferred to Steiner and Leininger jointly in exchange for a portion of the Steiner and Leininger Ohio property.

Yearly payments on the Mississippi acreage in the amount of $7000 plus interest were made regularly through the year 1972 with funds from the joint checking account of Leininger and Steiner. In late February 1972, because of certain problems, the parties leased the Mississippi acreage and returned to Ohio. In less than a year, the couple developed marital difficulties and Leininger returned to Mississippi, bringing with him most of the farm machinery and equipment which had been removed from Mississippi in February 1972. Leininger did not return to farming, but has continued to lease the property, applying the lease money to the yearly note."

■ We now apply Mississippi law to these facts. The existence of a resulting trust must be proved by evidence that is "clear, strong, unequivocal and unmistakable" and that establishes the fact of payment by the beneficiary beyond a reasonable doubt. *Matter of Estate of Evans,* 359 So.2d 1381 (Miss.1978), *Logan v. Johnson,* 72 Miss. 185, 16 So. 231 (1894). The evidence of a resulting trust must be "clear and convincing." *Conner v. Conner,* 238 Miss. 471, 119 So.2d 240 (1960).

■ The essence of a resulting trust is that the person seeking to assert the trust actually made payment or partial payment for the property allegedly in trust at the time that the property was conveyed.

"'A resulting trust arises, if at all, in the same transaction in which the legal title passes, at the time that legal title passes, on consideration advanced before or at that time, and not from matters thereafter occurring or on consideration thereafter advanced unless occurring or advanced immediately thereafter so as to be in fact a part of the same transaction. The fundamental reason for the rule is that the resulting trust is one implied by law from the circumstances of considera-

tion at the time of the transaction', although the trust is not affected by the failure of the person purchasing the land to obtain a valid deed or title thereto at the date of the transaction, but the trust attaches when the title is obtained subsequently."

*Brabham v. Brabham,* 226 Miss. 165, 84 So.2d 147, 150 (Miss.1955), [Citations Omitted].

It must therefore be determined whether appellant Steiner paid a portion of the purchase price of the disputed property prior to or at the time that the property was conveyed to Leininger. The lower court found, and in fact it was undisputed, that the sum of $2,500.00 paid for the option (and credited to the purchase price) was withdrawn from a bank account in Ohio in the joint names of the parties, to which Steiner had contributed her salary as a teacher.

The option provided for an additional sum to be advanced as a down payment. As already noted, these funds were withdrawn from a joint bank account in Mississippi and paid to the seller of the property. The funds came from two bank loans in Ohio, one for $23,800.00 made to Leininger and Steiner together with Mr. Short; the other, a separate bank loan to Mr. Short only, in the amount of $6,200.00. Steiner and Leininger executed a promissory note to Short in the amount of $30,000.00, secured by a deed of trust, covering the Ohio farm property they jointly owned.

■ Under either Ohio or Mississippi law, funds in a joint account are presumed to belong one-half to each of the persons in whose name the account is carried. *Vetter v. Hampton,* 54 Ohio St.2d 227, 375 N.E.2d 804 (1978), *Drummonds v. Drummonds,* 248 Miss. 25, 156 So.2d 819 (1963). The presumption is rebuttable. The district court made no finding of fact to support a rebuttal of the presumption of joint ownership of the funds. Far from rebutting such a presumption, the circumstances strongly support it.

■ The district court also made no specific finding of fact with respect to appellee's contention that there were actually two sales, one of the personal property and one of the real estate, and that the cash down payment was used to purchase only the cattle and farm equipment, not the land. Appellee relies primarily upon the fact that the deed of trust covers only the land. The district court impliedly rejected this argument: "Leininger delivered to Mr. and Mrs. Wayne Spell a check in the amount of $27,000 as down payment on the farm, in accordance with the option." Noting that there is but one option and one warranty deed, each covering both the realty and the personalty, and each providing for one consideration for both, we conclude that there was one sale.

■ Based upon the district court's findings of fact we conclude that appellant Steiner proved by "clear and convincing" evidence and "beyond a reasonable doubt" that she paid one-half of the down payment for the property prior to the time that the property was conveyed to Leininger. Therefore, there is a pro tanto resulting trust in her favor; she is the owner of one-half of the property.

■ The district court made certain findings regarding the ten yearly payments on the promissory note given for the balance of the purchase price. In determining the existence of a resulting trust the critical question is whether the consideration was advanced by the individual asserting the trust prior to the conveyance; the facts creating the trust must exist at the time of the conveyance. *Bush v. Bush,* 134 Miss. 523, 99 So. 151 (1924). The trust arose in favor of Steiner at the time of the conveyance to Leininger, who used her money to pay for one-half of the cash portion of the purchase price. On remand, an accounting between the parties may be necessary with respect to the annual note payments, but this is irrelevant on the issue of title. We note, however, that the first four payments were from the joint bank account, presumed to belong one-half to Steiner, and most if not all of the later payments were from rental of the property. As a consequence of the "resulting trust", Steiner

owned one-half of the farm from the date title was conveyed to Leininger. She also owned one-half of the rentals paid pursuant to leases entered into by Leininger.

## CONCLUSION

The judgment of the district court is affirmed insofar as it orders the Ohio alimony judgment stricken from the Mississippi judgment roll and enjoins its execution at this stage of the proceedings between the parties. The judgment is reversed insofar as it decrees the Ohio judgment to be a nullity and insofar as it dismisses Steiner's claim to a resulting trust. The case is remanded for further proceedings consistent herewith.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.