**Thomas ROSENQUIST, et al., Plaintiffs,**

v.

**Robert GUSTAFSON, Defendant.**

**No. 92C5698.**

United States District Court,
N.D. Illinois, E.D.

Sept. 1, 1992.

James J. Babowice, John W. Norris, Daniel P. Field, Waukegan, Ill., for plaintiffs.

Dean P. Laing, Milwaukee, Wis., Stephanie D. Stevens, Mark F. Wolfe, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Robert Gustafson ("Gustafson") has filed a Notice of Removal (the "Notice") bringing to this District Court an action originally launched against him by Thomas Rosenquist ("Rosenquist") and Michael J. Wolff ("Wolff") in the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois. Based on its initial review of the Notice and the underlying Rosenquist–Wolff Complaint,[1] this Court sua sponte (1) directs Gustafson's counsel to provide certain clearly missing jurisdictional information—failing which this action must be remanded to the state court under 28 U.S.C. § 1447(c)[2]—and (2) directs both sides' lawyers to address another issue that appears likely to compel such a remand in any event.

■ In their drafting of the Complaint for filing in the Circuit Court, counsel for Rosenquist and Wolff quite understandably identified only the residences of the respective parties (Complaint ¶¶ 1–3). But where as here Gustafson's claimed predicate for invoking federal jurisdiction is Section 1332's diversity-of-citizenship provisions, the relevant facts by definition are the

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

   The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

   Where an action reaches a district court via removal rather than as an initial filing, both the complaint and the notice of removal are sources of information about such jurisdiction.

2. All further references to Title 28's provisions will simply take the form "Section—."

respective states of *citizenship* of the litigants and not their *residences* (for those two concepts are not necessarily synonymous). Yet Notice ¶ 2 simply says in part:

The plaintiffs are both residents of Illinois, and the defendant is a resident of Wisconsin.

And Gustafson's affidavit, attached as Ex. 2 to the Notice, similarly identifies only his Wisconsin residence.

That pleading defect deprives this Court of independent subject matter jurisdiction over this action, for federal courts can deal with cases only as Congress specifies (see Section 1332(a)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Charles Wright & Arthur Miller, *Federal Practice and Procedure: Civil* § 1208, at 101 & n. 9, and cases there cited (1990 ed. and 1992 pocket part); 13 B *id.* § 3611, at 516–18 & nn. 27–29, and cases there cited (1984 ed. and 1992 pocket part). Federal jurisdiction cannot be based on surmise or guesswork (however probable), and without an affirmative statement as to all the parties' citizenship that is all this Court has available to it.

■ To this point the pleading flaw that has been identified, though certainly fatal if it were left uncured, is readily correctable if the litigants' respective residences do coincide with their states of citizenship. But there is another potential jurisdictional problem that is far more troublesome and is most likely incapable of being cured. As the Complaint and Notice disclose, the relief that is sought by Rosenquist and Wolff is purely injunctive in nature: They seek to prohibit Gustafson from conveying or encumbering real estate that they own jointly, or alternatively they want the proceeds of any sale of that real estate to be escrowed, in each instance pending the conclusion of an arbitration in which the parties are now involved.[3] What is at issue here is thus *not* any dispute as to the parties' ownership of the real estate, nor does this action pose any other money quarrel between the parties (that area of

controversy will be sorted out in the arbitration proceeding and the case before Judge Alesia)—instead the relief that is sought here is really standby protection against the possible sale, followed by dissipation of the proceeds of sale, of the real estate pending the arbitration's outcome (Complaint ¶¶ 11–15).

That being so, the approach that Gustafson's counsel have taken to the amount-in-controversy question—which is the other essential aspect of federal subject matter jurisdiction in a diversity case—is overly simplistic. Counsel cite several cases for the unexceptionable proposition that where an injunction action is involved, the amount in controversy is measured by the value of what is at issue in the litigation. To quote a Court of Appeals decision that is a bit more recent than those that have been cited on Gustafson's behalf, *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983) (citations omitted):

In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.

But it is the application of that principle, rather than the principle itself, as to which Gustafson's counsel have erred. They have provided an evaluation that places the total worth of the parcel of real estate at $550,000, so that Gustafson's 50% interest amounts to $275,000. That then, they say, automatically meets the requirement of Section 1332(a) because $275,000 is obviously greater than $50,000.

But nothing in the current lawsuit constitutes a challenge to Gustafson's ownership of his 50% interest—that is not at stake here at all. Instead all that is threatened, if this Rosenquist–Wolff action is successful, is the locking up of that share of the

---

**3.** There is another lawsuit now pending between the parties in this District Court, No. 92 C 520, assigned to this Court's colleague Honorable James Alesia. According to Complaint ¶¶ 7 and 8, it is the contract count of that action (Count III) that has been transferred by agreement of the parties to the American Arbitration Association and that is now the subject of the pending arbitration.

proceeds in escrow if the property is sold. And the measure of the value of *that* risk, which is the sole object of this litigation, is simply the loss of the use of that money for the period until the substantive results of the arbitration (and perhaps of the review of that arbitration before Judge Alesia) are determined.

Loss of the use of money—the only thing with which Gustafson is threatened *if* he decides to sell the real estate—amounts to nothing more nor less than interest on his share of the principal sum. To draw on another statement of the measure of the amount in controversy in an injunction case such as this (14A Wright, Miller & Cooper § 3708, at 143–44 (footnotes and citations omitted)):

> As pointed out elsewhere, the amount in controversy is said to be measured by the value of the right that plaintiff seeks to enforce or to protect—the value of the object of the action. Accordingly, when a person seeks an injunction, it is the value to plaintiff of conducting his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy.

There is no arguable basis for asserting that the value to Rosenquist and Wolff of keeping the proceeds of any sale of the real estate intact is any different from the cost to Gustafson of his inability to utilize his anticipated $275,000 share of the proceeds if the real estate were to be sold. And that value clearly cannot amount to the more–than–$50,000 floor required for federal diversity jurisdiction.

Because this issue is being raised sua sponte, this Court will give the parties the opportunity to address the matter by simultaneous memoranda to be filed in this Court's chambers on or before September 8, 1992.[4] This Court will then promptly determine whether or not the action must be remanded under the mandate of Section 1447(c) for lack of subject matter jurisdiction. In the interim Gustafson's counsel is ordered not to proceed with his already-proposed motion "to consolidate this case with Case No. 92 C 510," a motion that if entertained would more accurately take the form of a motion for reassignment on relatedness grounds under this District Court's General Rule 2.31.[5]

---

4. Unless Gustafson then elects to acknowledge the propriety of remand for the reasons stated in this opinion, his counsel must also contemporaneously file an amendment to the Complaint identifying the parties' respective states of citizenship.

5. This last directive has been included because of the assignment of this action to this Court's calendar under this District Court's random assignment system, so that this Court is vested with the affirmative duty to discharge the responsibility referred to in n. 1.