## N. T. JACKSON *v.* G. W. SMITH.

1. WITNESS. *Competency. Estate of decedent. Code* 1880, § 1602.

    Where one in possession of personal property, as owner, mortgages it to another, after the death of the grantor a third person asserting a prior title to the property claimed to be superior to the mortgage, is incompetent as a witness to establish his own claim.

2. SAME. *When rule applies.*

    The exclusion is not confined to cases in which the controversy is between the party who would testify and the personal representatives of the deceased, but extends to every assertion of right by such party for any part of the estate left by the decedent and claimed by the witness under an alleged transaction with such deceased person.

FROM the circuit court of Sunflower county.

HON. GEORGE WINSTON, Judge.

Action of replevin for the possession of a mule. In 1886 William Rogers executed to W. H. Andrews & Bro. a trust-deed, whereby he conveyed, with other property, the mule in controversy, as a security for the debt. Afterwards during the year Rogers died, and the appellant, Jackson, being interested in the firm of Andrews & Bro., obtained possession of the mule under the trust-deed. After this the appellee, Smith, instituted this action of replevin against Jackson, claiming that he had acquired title to the mule in 1884 by a trade with Rogers, the deceased. At the trial he was permitted to testify as to the alleged purchase. This was objected to, on the ground that he, the plaintiff, was incompetent to establish by his own testimony a claim to the property, Rogers having since died. The objection was overruled.

Judgment for plaintiff. Defendant appeals.

The opinion contains a further statement of the case.

*Dabney & McCabe,* for appellant.

Smith's case depended on his showing a sale to himself by Rogers in 1884. Rogers died before this suit was commenced. Smith was therefore not a competent witness to establish his own claim against the estate.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff was not a competent witness, because the mule in dispute was part of the estate of Rogers, who had died in possession of it, and it was held and claimed by the defendant, by virtue of a deed of trust executed by Rogers, in which the mule was conveyed. Code, § 1602.

In *Love* v. *Stone*, 56 Miss. 449, it was held that the test of competency in this class of cases is, *whether the estate of a deceased person is the subject-matter of the litigation in which the party is offered as a witness. Combs* v. *Black*, 62 Miss. 831. As said in *Jacks* v. *Bridewell*, 51 Miss. 881, "The exclusion is not confined to cases in which the controversy is between him who would testify to his claim or right and the administrator or executor of the deceased person, but it extends to every assertion of such right by a party to any part of the estate left by a deceased person, and claimed by such party . . . . by reason of an alleged transaction between such party and the deceased person."

                                *Reversed and remanded.*