LIZZIE LOGAN *v.* DELAWARE JOHNSON ET AL.

RESULTING TRUST.   *Clear proof.   Evidence.   Sufficiency.*

When the existence of a resulting trust depends upon parol proof, the evidence must be clear, strong, unequivocal, and unmistakable, and must establish the fact of the payment by the beneficiary beyond a reasonable doubt.   The proof in this case held insufficient.

FROM the chancery court of Yazoo county.

HON. H. C. CONN, Chancellor.

Appeal by complainants from an adverse decree.   The opinion contains a statement of the facts bearing upon the only point decided.

*Hudson & Perrin,* for appellant.

The decree appealed from is contrary both to the law and the facts.   The evidence shows that complainant furnished the money to purchase and improve the land, and that the title was taken in her father's name for her benefit.   It makes no difference whether the money ever reached her hands, provided it was agreed that the indebtedness from Johnson to Logan was to be satisfied in the transaction.   *Robinson* v. *LeFlore,* 59 Miss., 148.

While a resulting trust must be proved with clearness and certainty, there is no more certain proof than the direct testimony of the parties to the transaction.   Admissions of the parties sought to be charged are sufficient.   10 Am. & Eng. Enc. L., p. 49; 1 Bax. (Tenn.), 120; 20 Pa., 308; 38 Mo., 36. Besides, there are certain earmarks which show the existence of the trust.   We contend that a consideration of all the evidence establishes the right of complainant.

Where the claim to a resulting trust has been delayed, it becomes a mere question of intention on the part of the claimant. *House* v. *Harden,* 52 Miss., 860.

*Barnett & Thompson*, for appellees,

Filed a brief devoted to the facts, contending that the evidence was wholly insufficient to establish a resulting trust.

COOPER, C. J., delivered the opinion of the court.

The decree of the chancellor must be affirmed.   It is evident that the complainant and the defendant, Delaware Johnson, have made common cause against the defendant, Amelia Johnson, in whom the title of the land, as to which a resulting trust is sought to be established for the complainant, is now vested. The facts from which the trust is supposed to result are testified to by the complainant and by Delaware Johnson, and there is a radical variance in their statements.   The complainant testified that she owned a horse which her father traded for a bale of cotton, which cotton he sold, and with its proceeds, under her direction, bought the land for her and as hers, taking title in himself to protect the complainant from her improvident and intemperate husband.   Delaware Johnson testifies that the horse was the property of complainant's husband, James Logan, and that he, the witness, exchanged the horse for a bale of cotton, from the proceeds of which he bought the land, and says:   "The reason I did not have the deed made in Logan's name was because he was a drinking man."

If it were made certain by the testimony that the money derived from the sale of the cotton was the identical fund used in the purchase of the land, it would yet remain uncertain whether the trust, if any existed, was in favor of James Logan or of complainant.   The evidence going to show that the money for which the cotton was sold was the money invested in the land is not satisfactory.   Delaware Johnson states positively that it was, but he admits that some six or seven years elapsed after the cotton was sold before the land was bought, during all which time he states that the money was in his trunk.   But he also says that he had, as he expresses it, "a right smart" of his own money, and he does not explain how it was that the

money derived from the cotton was so long kept intact. It is not pretended that it was for the purpose of investing it in a home for complainant, or that any purpose to that effect was formed until about the time the land was bought.

Where it is necessary to prove by parol the existence of a trust, "the evidence must be clear, strong, unequivocal, unmistakable, and must establish the fact of the payment by the beneficiary beyond a reasonable doubt." 2 Pom. Eq., § 1040.

*Decree affirmed.*