JORDAN *v.* JORDAN *et al.**

(Division A.   Jan. 24, 1927.)

[111 So. 102.   No. 25884.]

1. MORTGAGES. *Presumption of grantee's possession must be over-come, before deed absolute in form can be declared mortgage (Hemingway's Code, section 3127).*

   Presumption that grantee, by virtue of warranty deed, is in possession of land must be overcome, in accordance with Code 1906, section 4783 (Hemingway's Code, section 3127), before such deed absolute in form can be declared a mortgage.

2. MORTGAGES. *Evidence held not to overcome presumption of grantee's possession required before declaring deed a mortgage (Hemingway's Code, section 3127).*

   Evidence *held* insufficient to overcome presumption that possession was in grantee of deed, as required by Code 1906, section 4783 (Hemingway's Code, section 3127), before such deed absolute in form could be declared a mortgage.

3. MORTGAGES. *In order to offer parol proof that deed absolute in form is mortgage, grantor must be shown to have remained in possession.*

   Where one desires to offer parol proof that a deed absolute in form is a mortgage in fact, it must first be shown that grantor remained in possession of land.

4. MORTGAGES. *Evidence held not to establish contract that deed absolute in form was to be treated as mortgage.*

   Evidence *held* insufficient to establish contract between grantor and grantee to effect that deed absolute in form was to be treated as a mortgage to be paid by grantor.

5. MORTGAGES. *Proof necessary to show absolute instrument was conditional must be clear, unequivocal, and convincing.*

   When it is sought to destroy the sanctity of an instrument by parol proof and change its form from the absolute to the condi-

tional, proof necessary to alter or change the written instrument must be clear, unequivocal, and convincing.

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 125, n. 60; Mortgages, 41CJ, p. 349, n. 37; p. 354, n. 62; p. 357, n. 72. Parol evidence that a written instrument which on its face imports a complete transfer of a legal or equitable estate or interest in property was intended as a mortgage, see annotation in L. R. A. 1916B, 18. 19 R. C. L. 263; 3 R. C. L. Supp. 927; 4 R. C. L. Supp. 1263; 5 R. C. L. Supp. 1031.

APPEAL from chancery court of Harrison county.
HON. V. A. GRIFFITH, Chancellor.
Suit by J. C. Jordan and others against Mrs. Nellie B. Jordan. Decree for complainants, and defendant appeals. Reversed and judgment rendered.

*Watkins, Watkins & Eager* and *Scott & Scott,* for appellant.

I. This is a case where appellees sought to prove that a special warranty deed absolute upon its face was in fact executed to secure a loan and intended by the parties to the conveyance to be a mortgage. There are no allegations in the pleadings concerning, nor was there any evidence introduced to prove, who has possession of the property at the time the said deed was executed.

Before the matter was affected by legislation what is known as the unrestricted doctrine as regards proving by parol evidence that a deed absolute upon its fact was a mortgage, prevailed in this state; that is, parol evidence was always admissible to give such a character to a deed absolute; but section 1299, Code of 1880 (section 4233, Code of 1892; section 4783, Code of 1906; section 3127, Hemingway's Code) enacted into our statute of frauds a restriction upon the use of parol evidence in this regard.

The legislature obviously recognized and appreciated the great injustice that the unrestricted doctrine was capable of causing and the many loop holes opened by it for fraud. Under section 3127, Hemingway's Code,

where fraud is not charged in the procurement of the deed, it is only where possession of the property is retained by the grantor that a deed absolute on its face can be shown to be a mortgage by parol evidence. This court had upon numerous occasions declared this to be the law of this state, as created by said section. *Heirmann & Kahn* v. *A. J. Stricklin et al.,* 60 Miss. 234; *Fulz* v. *Peterson,* 78 Miss. 128, 28 So. 829; *Culp* v. *Wooten & Agee,* 79 Miss. 503, 31 So. 1; *Schwartz* v. *Leiber,* 32 So. 954; *McGehee* v. *Weeks,* 112 Miss. 483, 73 So. 287; *Williams* v. *Butts,* 124 Miss. 661, 87 So. 145.

Appellees here had the right under section 3127, Hemingway's Code, to introduce parol evidence only under given circumstances, and it was obviously incumbent upon them to show that those circumstances existed before they should have been allowed to introduce such evidence.

The language of section 3127 is definite, final and uncompromising. It says that where possession is parted with, a conveyance *shall not be proved, at the instance of any of the parties, by parol evidence,* to be a mortgage only. Therefore, we submit, that the court not only erred in admitting parol evidence, but also erred in considering the same after it was erroneously admitted.

II.   The chancellor manifestly erred in finding the deed here in question a mortgage. His decision was founded upon, and prompted by, an admission and a declaration of a decedent taken by the chancellor to be against interest, the one of Mrs. Nellie B. Jordan, the other of Mrs. E. M. Holt.

To say the least, the evidence relied upon by the chancellor in forming his opinion is certainly not of that clear, convincing and unequivocal nature required by the law when it is sought to show that a deed absolute on its face was in fact intended to be a mortgage. The authorities hold almost unanimously that the transaction cannot be declared a mortgage unless the presumption which arises

from the terms of the instrument is rebutted by evidence of a more convincing character than that which is ordinarily required in civil cases. 19 R. C. L., section 31, page 263, citing *Becker* v. *Howard,* 75 Wis. 415, 44 N. W. 755; 27 Cyc., page 1025. See L. R. A. 1916B 192, for the authorities as to the standard of probative force which evidence must satisfy to show a deed absolute on its face a mortgage. See, too, 19 R. C. L., section 31, page 264.

*Leathers & Sykes* and *E. O. Sykes,* for appellees.

I. Counsel for the appellant argue that under section 3127, Hemingway's Code, oral testimony was not admissible in this case to show that this deed was a mortgage. The acts of ownership and the acts of possession exercised over this land by the deceased, Jordan, were exactly the same for years before the execution of this deed and after its execution up to the time of his death. No one whatsoever in any wise questioned or disputed this possession and this right of possession.

Read carefully section 3127, Hemingway's Code (section 4783, Code of 1906). This section is perfectly plain and unambiguous and states in precise, definite language that parol testimony is not admissible where the maker of the conveyance parts with the possession of the property. The testimony here shows that the only possession of any one of this land was the possession of Mr. Jordan, and this possession was in no wise altered or changed after the execution of the deed.

In *Schwartz* v. *Lieber,* 79 Miss. 257, the court through Mr. Justice Terrall, expressly construes this statute and says that this section requires this proof in writing only when the maker of the deed parts with possession of the property. This case further shows that any such defense to this suit should have been made by this appellant.

II. The chancellor in decreeing this deed to be a mortgage was amply warranted by the facts. All admis-

sions against interest of Mrs. Holt and Mrs. Jordan are simple admissions, simple facts about which the ordinary mind could make no mistake. The law books say that admissions of this character are entitled to great weight.

The deeds of trust executed by Jordan on these lands, his sales of timber and his attempted sale of timber just before his death, coupled with the fact that the land was assessed to him and the taxes for all years paid, evidently by him for a great number of these years, corroborates and strengthens the view that this conveyance was nothing but a mortgage.

This court has repeatedly decided that a deed absolute on its face will be held to be a mortgage if it clearly appears that it was meant as a security for money borrowed. *Littlewort* v. *Davis,* 50 Miss. 403; *Freeman* v. *Wilson,* 51 Miss. 329; *Vasser* v. *Vasser,* 23 Miss. 378; *McGehee* v. *Weeks,* 112 Miss. 483, 73 So. 287; *Allison* v. *Burnam,* 136 Miss. 13.

On the question of the admissions of these parties against interest, see *William Graham* v. *Robert Busby,* 34 Miss. 274; *Taylor* v. *Webb,* 54 Miss. 36; *Green* v. *Mizelle,* 54 Miss. 220; Jones on Evidence, Pocket Ed., section 236, page 299; *McCleskey Bros.* v. *Milling Co.,* 119 Miss. 99, a case directly in point.

The decree of the chancellor in this case is in accordance with the great weight of the testimony and was just and right.

*Mize & Mize, Scott & Scott* and *Watkins, Watkins & Eager,* in reply, for appellant.

I. The grantor parted with possession of the property. The evidence shows that the land involved was wild land, from which the timber had been cut prior to making the deed complained of; that at one time a house had been on the land, but the same had been blown down years before. The grantor did not live on the land at

the time of the execution of the conveyance. The only testimony to the effect that the grantor had ever been on the land at all after the execution of the deed was exceedingly indefinite.

There is no dispute about the fact that on or about the year 1918 Mr. Jordan left the neighborhood of Gulfport and never lived there any more. It is perfectly apparent that the written power of attorney on the part of the grantee to the grantor, executed three years after the delivery of the deed, giving him authority to sell the land for her, was known by the grantor and that he was acting under it; from which it appears with reasonable certainty that if he did, in fact, go over the land at any time for the purpose of showing the timber, he was doing so under the power of attorney.

In 22 C. J., page 125, the rule is announced as follows: "As a general rule, in the absence of evidence as to the actual possession of land, the possession is presumed to have been with the owner of the legal title, and where actual possession by a third person is shown, but title is not shown, the possession will be presumed to be in subordination to the title of the true owner." See, also, *Ewers* v. *Smith* (N. Y. App. Div.), 90 N. Y. S. 575.; 22 R. C. L., page 81.

In this case where the land was neither occupied nor cultivated after the execution of the deed in question, where the grantor had not actually lived upon the same at any time; but upon the other hand, shortly after the execution of the deed, left Harrison county and never lived there any more, his grantee paying the taxes upon the land, there was an abandonment of the possession.

II. As a matter of law, the evidence offered in the case was insufficient to convert an absolute deed of conveyance into a mortgage. The same principles of law which control reformation of written instruments are applicable to this case. It will be necessary for the proof to establish beyond every reasonable doubt that the deed,

absolute on its face, was intended as a mortgage to se-
cure a debt. Every presumption will be indulged that
the instrument as written expressed the real intention of
the parties. *St. Paul Fire & Marine Ins. Co.* v. *McQuaid,*
114 Miss. 430; *Crofton* v. *Building & Loan Ass'n,* 77
Miss. 168; 23 R. C. L., page 365; *Moore* v. *Crawford,* 130
U. S. 122, 32 L. Ed. 878; *Lipscomb* v. *Jacks,* 20 So. 883;
27 Cyc. at page 1025. In the note to the foregoing text
the following authorities are cited: Colorado: *Townsend*
v. *Peterson,* 12 Colo. 491, 21 Pac. 619; Michigan: *Tilden*
v. *Streeter,* 45 Mich. 533, 540, 8 N. W. 502, where it is
said that there must be "evidence clear and convincing
beyond a reasonable doubt;" Missouri: *Worley* v. *Dry-
den,* 57 Mo. 226. In order to show that a deed absolute
in form was intended to be a mortgage the evidence must
be satisfactory as to its credibility, unequivocal as to its
terms and meaning, and clear and convincing beyond a
reasonable doubt. *Gerhardt* v. *Tucker,* 187 Mo. 46, 85
S. W. 552; New York: *Farmers, etc., Bank* v. *Smith,* 61
N. Y. App. Div. 315, 70 N. Y. Supp. 536; Pennsylvania:
*Lance's Appeal,* 112 Pa. St. 456, 4 Atl. 375. Where it is
attempted to be shown by parol evidence that an abso-
lute deed is a mortgage, the court and jury exercise the
function of a chancellor, and the evidence should be such
as would satisfy his conscience. *McGinnity* v. *McGinnity,*
63 Pa. St. 38; United States: *Satterfield* v. *Malone,* 35
Fed. 445, 1 L. R. A. 35. See, also, *Campbell* v. *Improve-
ment Co.,* 229 U. S. 561, 57 L. Ed. 1330; *Savings Com-
pany* v. *Edwards* (C. C. A.), 164 Fed. 809; *Griffith* v.
*Welch* (Ark.), 114 S. W. 710; *Butsch* v. *Smith* (Col.), 90
Pac. 61.

The salient facts and circumstances in this case es-
tablish that the appellees, who were the movants in this
proceeding, as a matter of law, failed to show by clear,
direct, convincing and unequivocal evidence that the ab-
solute deed was intended to be a mortgage.

(1) As to the lapse of time, nearly thirteen years
elapsed from the time of the execution of this instrument

and nearly ten years from the time it was placed of record, before this suit was brought. 21 C. J., at page 193.

(2.) No evidence was introduced of any existing indebtedness between the grantor and the grantee and that the relation of debtor and creditor existed. See *Schwartz* v. *Lieber,* 32. So. 954; *Klien* v. *McNamara,* 54 Miss. 90; *Dean* v. *Smith* (N. D.), 204 N. W. 987.

In *Gartman* v. *Brannon* (Tex.), 270 S. W. 255, the court holds that the test is as to whether or not the grantor continued the debtor of the grantee; that unless the relation of debtor and creditor existed, the instrument was not a mortgage, although the grantor had the right to repurchase the property for the indebtedness. See too *McCamant* v. *Roberts,* 80 Tex. 316 (322), 15 S. W. 580; 27 Cyc., page 1003; *Holmberg* v. *Hardee* (Fla.), 108 So. 211.

From the foregoing authorities it is perfectly apparent that even if the grantor had the right to repurchase the land for the debt, with interest, or if the grantee agreed to sell the land and give him the benefit of the surplus which may be left over, the transaction would still not be a mortgage, since the relation of debtor and creditor was not subsisting. *Harrison* v. *Ward,* 46 Pa. Sup. Ct. 537.

(3) As to inadequacy of price: It is generally held that if land is conveyed for an inadequate price some evidence is afforded that the transaction was intended to be a mortgage. 27 Cyc., page 1012:

(4) As to payment of taxes: The proof in this case is undisputed that while the land remained assessed to the grantor, the grantee paid the taxes. 27 Cyc., page 1015.

(5) As to declarations of the grantor: The testimony in this case shows that upon a number of occasions the grantor stated that the land belonged to the grantee, Mrs. Holt.

There is unanimity in all the books and adjudications that the degree of testimony which is required in a case

of this kind is so high that the mere declarations of the grantee under similar circumstances do not meet the requirements of the case. *Todd* v. *Campbell,* 32 Pa. St. 250; *Newton* v. *Clark* (N. C.), 93 S. E. 951; *Chapman* v. *Hicks* (Cal.), 182 Pac. 336; *McDowell* v. *Simms,* 41 N. C. 278; 19 R. C. L., page 263; 27 Cyc., page 1066; *Ensminger* v. *Ensminger,* 9 A. S. R. 462; *Corbit* v. *Smith,* 71 Am. Dec. 431; *Nesmith* v. *Ankeny* (C. C. A., 9th Cir.), 277 Fed. 805; *Tenn. Coal & Iron R. R. Co.* v. *Wheeter,* (Ala.), 28 So. 38.

The rule to be drawn from the foregoing authorities is that while the conveyance absolute on its face, may be shown to be a mortgage, the testimony must be of a positive, affirmative, and substantial nature, not mere vague oral statements alleged to have been made against interest by the grantee, especially where the statements are indefinite as to time and place.

The decree of the chancellor conflicts with the foregoing well-established rule.

Argued orally by *W. H. Watkins,* for appellant, and *E. O. Sykes,* for appellees.

McGOWEN, J., delivered the opinion of the court.

Appellees, J. C. Jordan and other children of T. N. Jordan, filed their bill in the chancery court of Harrison county against Mrs. Nellie B. Jordan, the widow of T. N. Jordan. The bill alleged that they, as the children, and Mrs. Nellie B. Jordan, appellant, as the widow, own as tenants in common certain land situated in that county; that T. N. Jordan died intestate, and that they, together with the defendant, each own a one-eleventh interest in said land. The bill further charged that, in his lifetime, T. N. Jordan, on the 7th day of April, 1913, executed a deed in favor of Mrs. E. M. Holt, the mother of the defendant, Mrs. Nellie B. Jordan, and that on the 10th day of February, 1916, said deed was acknowledged; that said deed

was executed in consideration of a sum of money loaned to him by Mrs. Holt; that the deed was executed on the agreement that the deed was to be in effect and operate as a mortgage on said real estate; that it was to be canceled upon the payment of the money. The deed was made an exhibit and was recorded on February 11, 1916. The bill further charged that the loan was paid; that T. N. Jordan died in 1924; that Mrs. E. M. Holt was also dead; and that the other heirs of Mrs. E. M. Holt conveyed the land in controversy to the defendant, Mrs. Nellie B. Jordan, Mrs. Holt's daughter, on January 24, 1925, which deed of conveyance was recorded.

The bill sought to have the deed, absolute in form, declared a mortgage and also sought to have the deed canceled. The answer put in issue the material parts of the allegations of the bill, especially that the deed, absolute in form, was intended to be a mortgage, and that the mortgage had been paid.

The deed from T. E. Jordan to Mrs. E. M. Holt made an exhibit to the pleadings, recited the consideration of one dollar and other good and valuable consideration, and was, in form, a statutory warranty deed.

It is unnecessary to set out a detailed statement of the facts. We will advert to such facts as we deem necessary to mention in the decision of the points involved.

The court below decreed that the deed was a mortgage; and decreed that there was five thousand dollars due thereon; and ordered that the complainants in the original bill be allowed ten days in which to tender five thousand dollars and interest into court; that thereupon the deed of Jordan to Mrs. Holt would be canceled and the prayer of the bill, in effect, granted. The money was paid into court, and an order was entered reciting that the decree of the court had been complied with; and the court thereupon entered an order making the former decree final.

The appellant, Mrs. Nellie B. Jordan, assigns two main grounds for reversal in this case: (1) That the complain-

ants having failed to show that the grantor, T. M. Jordan, remained in possession of the lands in controversy, and having failed to prove any fraud, their bill could not therefore be maintained; and (2) that the proof was insufficient to establish the deed, absolute in form, to be a mortgage.

Section 3127, Hemingway's Code (section 4783, Code 1906) is as follows:

"A conveyance or other writing absolute on its face, where the maker parts with the possession of the property conveyed by it, shall not be proved, at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried."

There was no specific allegation as to possession after the execution of the deed by T. M. Jordan to Mrs. E. M. Holt, and there was no allegation of fraud charged in the bill. There was no proof offered tending to show any kind of fraud on the part of Mrs. Nellie Jordan. As we view the record, there was no proof of possession on the part of T. N. Jordan or a claim of ownership established in this record, during the period prior to his death and subsequent to the acknowledgment of the deed in controversy. The land had not been occupied by any one for a long time prior to the execution of the deed. The evidence showed that, long before this controversy arose, there was a house and a few acres of land in cultivation.

The only evidence offered by the complainants was that T. N. Jordan on one occasion offered to sell some timber from the land, a year or two prior to his death; that he asked Narcisse, an Indian, to prevent depredations on the timber. Jordan did not live on the land. Prior to 1918 he had lived in town, some distance from the land but in 1918 he removed from that county and never returned there to live. The record shows, further, that the taxes continued to be assessed by the taxing authorities in the name of T. N. Jordan. There is a statement in the record that the taxes were paid at times for Mrs.

E. M. Holt, and, on one occasion, for T. N. Jordan. Subsequent to the date of the acknowledgment of the deed here in controversy, in 1916, Mrs. E. M. Holt was presumed to be in possession of the land by virtue of the warranty deed which the grantor, Jordan, had executed to her. And where the land is unoccupied, as in this case, that presumption must be overcome.

Fairly considered, we do not believe the chancellor was warranted in finding, if he did so find, that the presumption of possession in the grantee of the deed was overcome by the weak testimony, which we unhesitatingly say does not show any character of possession, and certainly not sufficient to overcome the presumption that attaches to possession under the deed. We think the burden of proof is on the one who seeks to introduce parol proof, under the statute above quoted, to show that the grantor remained in possession. This, of necessity, is true, because all of the heart of complainants' case was based upon the parol proof which they sought to offer in this case. Their case was "bedrocked" on an oral agreement which they must prove before the defendant is called upon to answer. In our opinion, the complainants wholly failed to prove any such occupancy of the land here in controversy as was necessary to prove possession or continued possession.

Before the deed was executed in favor of Mrs. Holt, Jordan was selling and removing timber from the premises; the land was being cultivated; there was a house thereon, and a tenant living therein. After the execution of the deed, the place was no longer occupied by a tenant; there was no longer a foot of the land cultivated. There was no single hostile act save the request made of Narcisse by Jordan that he prevent depredations on the timber. And it will be remembered that Mrs. Holt was the mother-in-law of T. N. Jordan and was evidently backing him in a financial way.

In 22 C. J. 125, is stated the rule which we announce in this case as applying where the effort is to show that the

deed, though absolute in form, is construed to be a mortgage in fact. The complainants in this case were seeking to establish by oral proof that which was presumed against them until the presumption was overcome by the weight of proof. In other words, Mrs. Holt was presumed, by virtue of her deed from Jordan, to be the absolute owner of the land and in possession thereof, until that presumption which stood as evidence for her was overturned, either by other presumptions or by competent proof.

We think the chancellor was manifestly wrong in holding that the slight circumstances, the main feature of which we have mentioned above, overturned the presumption in the deed; and for that reason all the proof offered, tending to show that the deed was a mortgage, had not been rendered competent by showing that complainants' intestate had remained in possession of the property.

Where one desires to offer parol proof that a deed absolute in form is a mortgage in fact, it must first be shown that the grantor remained in possession of the land.

We think, after a careful review of the evidence offered on behalf of both parties, that complainants wholly failed to prove by a preponderance of the evidence that this deed was intended to be a mortgage, and that the parties had a right to deal with it as a mortgage. If Jordan had become wealthy and the lands of little value, could Mrs. Holt have had this deed foreclosed and then held Jordan for a balance? We think not.

Although one witness testified that the defendant, Mrs. Jordan, had said to her that there was a debt of one thousand two hundred dollars which had been paid, there was no effort to prove any of the attending circumstances surrounding the execution of this deed. As, for instance, how long the deed was to be treated as a mortgage; when it began to operate as a mortgage; when interest began to run; when, if ever, that situation was to change.

Another witness testified on behalf of the defendant, objected to by the complainants, that on one occasion

the grandmother said to a niece, Miss Gilmer, in discussing a sale of this place known as the Hockaday place, that she must get as much as five thousand dollars, the amount she had advanced to the deceased, Jordan, which had never been paid. And, in another place, the five thousand dollars she mentioned as the amount her grandmother must receive for the place was the amount borrowed. In another place, the same witness said she was not sure the amount was five thousand dollars. The most that can be said of this testimony is that it perhaps establishes that, at one time, there was a debt owing by Jordan to Mrs. Holt, the amount of which varied between one thousand two hundred dollars and five thousand dollars. The complainants very astutely offered on the argument in the lower court to pay the larger sum and paid it into court; and the court adopted that amount as being the amount of the mortgage which he found existed.

Without a glimpse of the conduct of the parties to this alleged oral contract, their treatment of each other, without a syllable of the conversation constituting the negotiation, without a written line between the parties, we unhesitatingly declare that this deed must be treated as that which it purported to be until there is proof sufficient to establish a contract between Jordan and Mrs. Holt; that, although the deed was absolute in form, it was to be treated by them as a mortgage to be paid by Jordan; that no such contract is here shown by positive proof or circumstances tending to prove that proposition. The evidence in this case is indeed hazy, resting upon admissions against interest made long prior to the delivery of the testimony, and, in one case, by a witness whose whole testimony is tainted with prejudice, as indicated by the chancellor in deciding the case.

When it is sought to destroy the sanctity of an instrument, such as a deed, by parol proof, and change its form from the absolute to the conditional, the proof necessary to alter or change the written instrument must be clear, unequivocal, and convincing. See Pomeroy on

Equity Jurisprudence, section 1196 and note, column 2, page 2846, and authorities there cited. Some courts have held that this evidence must exclude a reasonable doubt, but we are satisfied to announce the rule in line with the weight of authority that the evidence must be clear, unequivocal, and convincing.

We do not think in this case that any contract at all was shown, whereby this deed was to be treated as a mortgage; but, certainly, the testimony of Miss Gilmer, upon which the chancellor based his decree, does not squint at any such contract; neither does the testimony of Dare, or Miss Harris. On both propositions, we think the finding of the chancellor of facts in this case was manifestly wrong and that the complainants are not entitled to maintain their bill.

*Reversed and decree here for appellant.*