DALSOREN, INTERVENOR *v.* OLSEN

No. 42624      October 28, 1963      157 So. 2d 60

*William V. Murry,* Hattiesburg, for appellant.

*Moran M. Pope, Jr.,* Hattiesburg, for appellee.

McGEHEE, C. J.

This suit was begun by attachment in the Chancery Court in Forrest County, Mississippi, by the appellee Miss Dorothy Olsen against K. N. Dalsoren, husband of the appellant Mrs. Helga Dalsoren, and wherein three

small parcels of land at Rawls Springs in Forrest County were attached as the property of K. N. Dalsoren, the record owner. Thereupon Mrs. Helga Dalsoren filed a petition to be allowed to intervene and claim the attached parcels of land as her own by reason of an alleged resulting trust in her favor. The intervenor, Mrs. Helga Dalsoren, based her claim to the land upon the contention that she had paid all of the purchase money for the land to Mrs. Edith Fontaine of Minneapolis, Minnesota, and that it had been conveyed to her husband K. N. Dalsoren because the grantor has not been instructed otherwise. Moreover, K. N. Dalsoren had taken a contract for the purchase of the land in advance, and the different parcels were purchased at different times, and he was named grantee in each of the contracts for sale and deeds respectively.

In her petition to be allowed to intervene as the claimant of the land, Mrs. Dalsoren alleged that she had made a down payment on the property of $2,000, whereas upon the trial of this suit she testified that she did not remember the amount of the down payment. But she further testified that she remembered that she paid Mrs. Edith Fontaine for her equity in the land the sum of $1,527.85, and Mrs. Dalsoren introduced in evidence a receipt for a savings bank money order, bearing date of October 15, 1958, on the Merchants & Mechanics Savings Bank of Minneapolis for that amount, and she testified that the said bank gave Mrs. Fontaine credit for the said payment.

Mrs. Dalsoren further testified that she advanced to her husband, K. N. Dalsoren, the sum of $627.50, as evidenced by a receipt for a savings bank money order of December 23, 1957, to be used by him in paying for certain repairs to the improvements on one of the parcels of land. This receipt was also introduced in evidence to show that these amounts were paid out of the savings account of the intervenor Helga Dalsoren.

It was contended that the total purchase price for the three parcels of land was the sum of $6,091.14, and that the same was paid by Mrs. Dalsoren by the assumption and payment to the Hattiesburg Savings & Loan Association of a mortgage indebtedness of $3,311.14 and by the payment by Mrs. Dalsoren of four annual payments to the seller, Mrs. Edith Fontaine, the first three annual payments being for the sum of $500 each, and the fourth annual payment being for the sum of $780.

Mrs. Dalsoren testified that her payments on the mortgage to the Hattiesburg Savings & Loan Association were at the rate of $40 per month and that the rents on the property when occupied amounted sometimes to $40, other times $50 and sometimes $60 per month, and that this rent was collected by the Turner Realty Company at Hattiesburg and that Mr. Turner mailed the checks to K. N. Dalsoren every month and that she sent the money with which to make the payments to the Hattiesburg Savings & Loan Association on the mortgage. She introduced no documentary evidence to establish these payments and only proved by documentary evidence that she had furnished the money to pay Mrs. Fontaine for her equity in the property in 1958 and the $627.50 advanced to K. N. Dalsoren to take care of the expense of making necessary repairs thereon in 1957.

While the proof showed without contradiction that Mrs. Dalsoren had through the years of her marriage to Mr. Dalsoren made a separate income from her work as a masseuse, and had maintained her own separate savings account at a savings bank in Minneapolis, Minnesota, with the sole right to draw money therefrom, and that she knew that the property had been conveyed by Mrs. Edith Fontaine and her husband Kern B. Fontaine to K. N. Dalsoren, appellant's husband, as grantee, she explained the transaction by saying, in substance, that she knew that she could have the property transferred to her at any time she requested that the same be done.

Neither she nor Mr. Dalsoren testified that they had an understanding between themselves that he would convey the title to her at any time that she may desire, or whether payments she had made were to be considered as a loan or gift, although she knew that the title had been in her husband's name for nearly seven years, and until after this attachment in chancery was filed against her husband as the record owner of the property.

The record further discloses that although both Mrs. Edith Fontaine and her husband K. B. Fontaine and Mr. and Mrs. K. N. Dalsoren all live in Minneapolis, Minnesota, and were good friends, Mrs. Dalsoren conceded that she never had discussed with, or mentioned to, Mrs. Fontaine the matter of Mrs. Dalsoren's ownership of the property.

The record title owner of real estate is presumed to be the legal and equitable owner of the same. Jordan v. Jordan, 145 Miss. 779, 111 So. 102; Jones v. Jones, 226 Miss. 378, 84 So. 2d 414; and 59 C. J. S., Mortgages, Section 48a, p. 82. See also Conner v. Conner, 238 Miss. 471, 119 So. 2d 240. These authorities sustain the view that the burden of proof is upon the person claiming the benefit of a resulting trust to prove by clear, strong, unequivocal and unmistakable evidence that the alleged beneficiary of the trust has paid for the property beyond any reasonable doubt.

In the case of Conner v. Conner, supra, the Court in quoting from the early case of Jordan v. Jordan, supra, said: ''When it is sought to destroy the sanctity of an instrument, such as a deed, by parol proof, and change its form from the absolute to the conditional, the proof necessary to alter or change the written instrument must be clear, unequivocal and convincing.''

In the still earlier case of Logan v. Johnson, 72 Miss. 185, 16 So. 231, this Court said: ''Where it is necessary to prove (by parol) the existence of a (resulting) trust 'the evidence must be clear, strong unequivocal, unmis-

takable, and must establish the fact of the payment by the beneficiary beyond a reasonable doubt.' "

■ ■ We have concluded that in view of the burden of proof that rested upon Mrs. Dalsoren to show by the evidence that she had paid the purchase price of the attached property, and that her payments were not as a loan or gift, and that the proof must be clear, strong, unequivocal, and unmistakable, and in view of the fact that the chancellor can not be said to have been manifestly wrong in deciding this issue of fact, under all of the circumstances, his decision in holding that the attached property belonged to Mr. Dalsoren instead of to Mrs. Dalsoren should be affirmed.

The appellee, Miss Dorothy Olsen, also of Minneapolis, Minnesota, had recovered a judgment against K. N. Dalsoren in excess of $16,000, principal and interest on a promissory note, and had attached the three parcels of land on the ground of his nonresidence. The appellee contended that the promissory note was for borrowed money, whereas K. N. Dalsoren claimed that he and the appellee had agreed in a joint venture to buy some soybeans on the market with the hope of making a profit thereon, whereas they only realized about $2,000 as the proceeds of the sale of the beans. It was not until after the attachment suit was brought that K. N. Dalsoren conveyed the three parcels of land to his wife, Mrs. Helga Dalsoren, and Mrs. Olsen testified that she had never heard of the agreement about the purchase of soybeans and claimed that the note was given for borrowed money as aforesaid. ■ ■ The chancellor observed the demeanor of the witnesses, heard them testify, and he doubtless agreed with the appellee's version of the matter, and held that the proof was insufficient to show that a resulting trust had been created in favor of Mrs. Dalsoren in the parcels of land attached.

Affirmed.

*Ethridge, Gillespie, McElroy, and Brady, JJ.,* concur.