JONES, Justice:
From the Chancery Court of Washington County comes this case. Appellant, who was complainant in the lower court, sued Willie Lee, his first cousin, and her son, Alec. For clarity, we shall refer to appellant as Genie and to the others as Willie or Alec. Decree was entered for Willie and Alec. We affirm.
The suit involved two different properties with different facts as to each. One property is a large building in Greenville; the other is ten acres of rural land near Areola. Genie asks for an accounting as to both properties, claiming as a cotenant in the city property and as a joint adventurer or holder of a constructive trust in or from the improvement of the ten acres. As to the city property, the chancellor, on an accounting, held Genie indebted to the others. As to the ten acres, the case was dismissed as not establishing a constructive trust nor a j oint adventure.
The basis of the case is briefly and aptly stated by appellant in his brief, as follows:
Appellant, Genie Lee, filed his original bill of complaint against Alec Yeates and Willie Lee in the Chancery Court of Washington County, Mississippi on May 19, 1969. It was alleged in this bill of complaint that the complainant and de *372 fendants had constructed a two-story office building in Greenville, Washington County, Mississippi, and that this building had been rented to various tenants since its completion early in 1964, and that complainant and defendants had, as a result of a joint adventure, developed a 10-acre tract of land west of Areola, Mississippi, which was owned by the defendants and that this development came about as a result of the efforts of complainant and defendants, the complainant acting under the promise of a deed to one-half of this property when developed. The bill of complaint further alleged that one of the buildings on the tract had been rented to a Head Start school since during the year 1966, and further prayed that a constructive trust be established on this 10-acre tract in behalf of the complainant and that an accounting be had for all of the complainant’s and defendants’ business dealings since January, 1963.
When they were sued, Willie and Alec engaged a lawyer who prepared the answer first filed and which—it is alleged —admitted the verbal promise to convey a one-half interest in the ten acres. Later, an amended answer and cross-bill was prepared and filed by another attorney, the original attorney having withdrawn. Motion was made to strike the new pleading because it was filed without the court’s permission. A hearing was held; and on evidence, the chancellor overruled the motion to strike and thereby permitted the new pleading to be filed. This is alleged to be error, but was a matter within the discretion of the court.
There was a conflict of evidence as to Genie’s having been promised a half interest in the ten acres. Genie said he was; Willie and Alec said he was not. The chancellor held that the proof was insufficient to establish a joint adventure or partnership or trust as to this property, and, therefore, held against Genie on disputed facts.
In order to establish a trust, the evidence must be more than a mere preponderance. The proof must be clear and convincing. Griffith, Mississippi Chancery Practice § 589 (2d ed. 1950). And it has been said that the evidence must be “unmistakable.” Dalsoren v. Olsen, 247 Miss. 778, 157 So.2d 60 (1963) and Logan v. Johnson, 72 Miss. 185, 16 So. 231 (1894).
Genie’s only interest in the ten acres was a lot and a house thereon given by Willie and Alec to him in 1965 for a home; and under the terms of such gift, he was required to repair the house, which he did.
It was shown that the building in Green-ville was two-story and that the first floor was occupied at different intervals by different concerns. The second floor, with fourteen or more rooms, was used by Willie. Genie says the court erred in not requiring Willie to pay rent for the upper floor or the excess over her undivided interest. There was proof, however, that by agreement of Genie and Alec, Willie was to occupy that floor rent free in order for her to look after the property and to prevent trespass and vandalism. Genie and Alec were to share the rents from the first floor. The court accepted this proof as to rent. The court also found there was no proof from which there could be determined reasonable rent for such excess, if any.
All relief as to the ten acres was denied.
An accounting was permitted and was had relative to the Greenville property, it being admitted that Genie was a cotenant by written instrument, viz a deed. On accounting, judgment was entered against Genie for $1,550.02.
The accounting was had, and, on conflicting evidence, resulted in the judgment mentioned. We cannot say the chancellor was manifestly in error, nor can we find anything on which a claim of unjust enrichment could be based.
We agree with the chancellor that the proof did not arise to the degree required.
Affirmed.
RODGERS, P. J., and BRADY, INZER and SUGG, JJ-, concur.