SMITH, Presiding Justice,
for the Court:
Ora Mae Harris and Hesikiah Garrett, as executors of the will of Elizabeth Evans, deceased, have appealed from a decree of the Chancery Court of the Second Judicial District of Bolivar County under the provisions of which appellee, Mel Spearman, was declared to be the owner of an undivided one-half interest in certain real property ostensibly owned by the testatrix.
In 1921, Elizabeth Evans (then Elizabeth Garrett) had married one Monroe Evans. Six children were born of the marriage, of whom three survive, and there are several grandchildren. In 1953 or 1954 Evans left his family and went to Arkansas where he has continued to reside. There is no claim that these people were ever divorced. Nevertheless, in 1955 Elizabeth Evans ceremonially “married” appellee, Mel Spear-man. In 1958 Elizabeth (Evans) Spearman purchased for $1,800 the house and lot which is now the subject of this litigation. At that time she and Spearman were living together as husband and wife and were so regarded by friends and acquaintances. Elizabeth (Evans) Spearman borrowed $325.00 from her employer, and $1,500 from the Cleveland Federal Savings and Loan Association in order to pay the purchase price. The property was then conveyed to her. The loan documents, notes and deeds of trust, were executed by her and by Spearman, who is described in the body of each of the trust deeds as “her husband” and who acknowledged each of them as “her husband.” These purchase money in-debtednesses were repaid during testatrix’s lifetime.
Afterward, the testatrix and Spearman lived in the house as husband and wife, together with several of her grandchildren, for whom she drew Social Security, until she died.
Upon the death of the testatrix in December of 1974, her will was admitted to probate, the relevant provisions of the will being as follows:
I am now the owner of the East Half of Lot 41 of Nowell and Ross’ Third Addition to the City of Cleveland, Mississippi, conveyed to me as Elizabeth Spearman, but my real name is Elizabeth Evans for I have never been divorced from said Evans and do not live with said Spear-man as his wife, it is my wish and I hereby direct that any real estate that I may own at my death, and to include the property just described, be and I devise the said property to my grandchildren, that is to say:
L. V. Ward, Willie Ruth Ward, Alf Ward, Adeline Ward, May Ella Ward, Willie Lee Bryant and Bruce Bryant or to the survivor of them if any should die before my death.
Some nine months later, Spearman filed in the probate proceedings a pleading which he styled “Contest to Probate Purported Will.” In this document, with his affidavit attached wherein he swore that “the facts and things” as set forth were true and correct as therein stated, he alleged that he was the “lawful husband” of the testatrix, claimed that he had paid for the property and that he had not known that the deed had been made to testatrix. He also claimed to be the owner of the property and of all of the furniture in the house, as well as of her bank account in the amount of $2,284.27. He asked the court to declare him to be the owner of the property under a resulting trust.
He then pled in the “alternative” that he was the lawful husband of the testatrix, that as such he was her sole heir and thus was entitled to all of her property, real and personal. He further asserted that, if the will should be found valid, he renounced it as having made no satisfactory provision for him as husband of the testatrix, as provided by section 91-5-27, Mississippi Code Annotated (1972).
*1383 Considerable testimony was given by witnesses for both sides and the sources of income of both parties were testified about in what must be described as general terms. It appears that the testatrix had worked for wages, had drawn Social Security payments for the several grandchildren who lived with her and that also she had these grandchildren working and earning money. She was also a known practicing “faith healer” and as such received payment from her patients or clients for her ministrations. There was also testimony that Spearman had done work and that he had contributed to the family expenses; however, this was, perhaps understandably, lacking in specificity and there is no evidence that Spearman made any payment on the purchase price of the property involved or upon the debts incurred to obtain the purchase money.
Of the several propositions sought to be raised by Spearman in his pleading, including the “alternatives,” the single issue which remained after the chancellor had found from clear and undisputed evidence that the “marriage” between the testatrix and Spearman was void, was Spearman’s claim to ownership of the house and lot under a resulting trust. The chancellor concluded that such a trust had arisen, saying that, in signing the loan instruments, Spearman had obligated himself and, since he was not the testatrix’s lawful husband, there was no presumption that he had intended the property as a gift to the testatrix.
Appellants challenge this ruling on the following assigned ground:
Did the lower court commit manifest error in finding that appellee was the owner of an undivided one-half interest in the real property in question by virtue of a resulting trust?
In answering their own question in the affirmative, appellants cite several of the numerous cases in which this Court has held that evidence, to be sufficient to establish a resulting trust, must be clear, unequivocal, convincing and beyond a reasonable doubt. Conner v. Conner, 238 Miss. 471, 119 So.2d 240 (1960); Stovall v. Stovall, 218 Miss. 364, 67 So.2d 391 (1953); Jordan v. Jordan, 145 Miss. 779, 111 So. 102 (1927); Moore v. Crump, 84 Miss. 612, 37 So. 109 (1904); Logan v. Johnson, 72 Miss. 185, 16 So. 231 (1894).
The evidence in the present case was wholly circumstantial. The chancellor seems to have based his conclusion that a resulting trust had arisen almost solely upon the fact that Spearman, in signing the trust deeds and notes, had become obligated for their payment. However, the indebted-nesses by means of which the money was obtained for the land, were paid during the lifetime of the testatrix and there is no evidence that he paid anything in their discharge. The property was conveyed to the testatrix in July of 1958 and for more than sixteen years no question was raised as to her exclusive ownership by Spearman and it was not until some nine months after she died in December, 1974 that he first did so in these proceedings. These people as husband and wife, made their home in the house situated upon the property and had gone through a marriage ceremony and were thought of in the community as (and Spearman claimed they were) husband and wife. The circumstances are entirely consistent with the fact that the lender required the signature of “her husband” as the property was, ostensibly, a homestead. As stated, there is no evidence of any payment by Spearman upon the purchase money debt, notwithstanding some testimony that he worked and helped the family. On the contrary, there is evidence of payments by Elizabeth Evans Spearman. The proof tending to support the finding of a resulting trust does not meet the standard required under the circumstances.
In Brabham v. Brabham, 226 Miss. 165, 84 So.2d 147 (1955), this Court said:
‘A resulting trust arises, if at all, in the same transaction in which the legal title passes, at the time that legal title passes, on consideration advanced before or at *1384 that time, and not from matters thereafter occurring or on consideration thereafter advanced unless occurring or advanced immediately thereafter so as to be in fact a part of the same transaction. The fundamental reason for the rule is that the resulting trust is one implied by law from the circumstances of consideration at the time of the transaction’, although the trust is not affected by the failure of the person purchasing the land to obtain a valid deed or title thereto at the date of the transaction, but the trust attaches when the title is obtained subsequently. 54 Am.Jur., p. 159, Sec. 204; Moore v. Moore, 74 Miss. 59, 19 So. 953; Bush v. Bush, 134 Miss. 523, 99 So. 151. In the Moore case, Judge Whitfield, speaking for the Court, quoted from the old case of Rogers v. Murray, 3 Paige, N.Y., [390, at page] 397, where it is said: ‘After the legal title has once passed to the grantee by the deed, it is impossible to raise a resulting trust, so as to divest the legal estate, by the subsequent application of the funds of a third person to the improvement of the property, or to satisfy the unpaid purchase money.’ Windham v. Windham, 218 Miss. 547, 67 So.2d 467, 470.
(226 Miss. at 171-172, 84 So.2d at 150-151).
See also Stone v. Sample, 216 Miss. 287, 62 So.2d 307 (1953).
Also, in Bush v. Bush, 134 Miss. 523, 99 So. 151 (1924) it was held:
Cases involving questions of resulting trusts have often been before this court. The following principles are recognized and declared by this court: If one buys land in the name of another and pays the consideration therefor, the land will be held by the grantee in trust for the benefit of him who advances the purchase money; and if there has been only a partial advance of the purchase money a trust will result pro tanto. The foundation of the trust in such cases is that the property really belongs to him whose funds have paid for it. But the facts creating the trust must exist at the time of the conveyance; for it is the money which has gone to the vendor as an inducement to the conveyance that creates the equity called a resulting trust. After the title has been conveyed the application of the funds of another to pay the purchase money for the land creates no trust in favor of such other. The trust arises, if at all, at the time of the conveyance. McCarroll v. Alexander, 48 Miss. 128; Miazza v. Yerger, 53 Miss. 135; Brooks v. Shelton, 54 Miss. 353; Thomas v. Thomas, 62 Miss. 531; Chiles v. Gallagher, 67 Miss. 413, 7 So. 208; Barton v. Magruder, 69 Miss. 462, 13 So. 839; Logan v. Johnson, 72 Miss. 185, 16 So. 231; Moore v. Moore, 74 Miss. 59, 19 So. 953; Shrader v. Shrader, 119 Miss. 526, 81 So. 227.
See also Stevens v. Hill, 236 So.2d 430 (Miss.1970).
While appellee did sign the promissory notes and deeds of trust, there is no evidence in the record before this Court that appellee paid anything on the purchase price. The key factor in the present case is that, at the time this case was tried, both of the loans made contemporaneously with the conveyance had been completely repaid and there is no evidence that Spearman contributed anything to their repayment.
In Dalsoren v. Olsen, 247 Miss. 778, 157 So.2d 60 (1963) this Court held:
The record title owner of real estate is presumed to be the legal and equitable owner of the same. Jordan v. Jordan, 145 Miss. 779, 111 So. 102; Jones v. Jones, 226 Miss. 378, 84 So.2d 414; and 59 C.J.S. Mortgages, § 48a, p. 82. See also Conner v. Conner, 238 Miss. 471, 119 So.2d 240. These authorities sustain the view that the burden of proof is upon the person claiming the benefit of a resulting trust to prove by clear, strong, unequivocal and unmistakable evidence that the alleged beneficiary of the trust has paid for the property beyond any reasonable doubt.
*1385 (247 Miss. at 783, 157 So.2d at 62).
It must be borne in mind that the burden of proof to establish a resulting trust rested upon Spearman and not upon appellants to establish that testatrix, to whom the property had been conveyed, was the owner. Spearman failed to meet that burden.
We have concluded from the evidence in the record, therefore, that the decree declaring a resulting trust in favor of Spear-man was manifestly wrong. Not only did the evidence offered to support that view fail to rise to the degree required under the rule stated in the above cited authorities but, under all the facts and circumstances of the case as reflected by the record, the evidence tending to establish that the property belonged exclusively to the testatrix preponderated.
REVERSED AND DECREE HERE FOR APPELLANTS.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.